## STATE v. WILLIE LENNON EDWARDS.

(Filed 1 November, 1944.)

**1. Criminal Law §§ 1a, 28a—**

The prosecution has the burden of proving the *corpus delicti*, that is, a crime has been committed, before the jury may proceed to inquire as to who committed it.

**2. Same—**

To show the death of deceased, without establishing the felonious cause of the death, or the identity of the defendant as the person who caused the death, or circumstances from which these facts might reasonably be inferred, falls short of proving the *corpus delicti* of the crime of which the defendant has been convicted.

APPEAL by defendants from *Williams, J.,* at April Term, 1944, of PITT.

The defendant was tried upon a bill of indictment charging him with the murder of one Will Cox, at which trial the solicitor for the State announced that he would not ask for a verdict of guilty of murder in the first degree but would ask for a verdict of guilty of murder in the second degree or of manslaughter as the evidence warranted. When the State had produced its evidence and rested its case the defendant moved to dismiss the action or for judgment of nonsuit, which motion was overruled, and the defendant introduced his evidence and again moved for judgment of nonsuit after all the evidence in the case was concluded, which motion was again overruled, G. S., 15-173, to which ruling the defendant objected and excepted.

There was a verdict of guilty of manslaughter and from judgment of imprisonment predicated thereon the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Harding & Lee and Charles L. Abernethy, Jr., for defendant, appellant.*

SCHENCK, J. The first and decisive question posed by this appeal is: Was the evidence insufficient to be submitted to the jury, or, should the court have sustained the defendant's motions for judgment of nonsuit duly made when the State had produced its evidence and at the conclusion of all the evidence? We are constrained to hold that the answer is in the affirmative.

The evidence tended to prove that Will Cox, the deceased, was first missed on a Sunday in March, 1933, that a searching party was organized to find him, and that on the following Saturday, a week later, the dead body of Will Cox was found in the woods; that the condition of the body indicated the deceased had been dead for several days; that an examination was made of the body by the coroner, A. A. Ellwanger, and Dr. J. L. Winstead, both of whom testified to the effect that they found no scars or bruises on the body at any place, no bones broken, and no evidence of mashed skull, or of foul play; that the body was in a state of decomposition at the time the examination was made after it was found in the woods. There was evidence that an ax and a quilt were found at a still about two miles from where the body was found and that on the ax and on the quilt was what appeared to be blood, and that both the defendant and the deceased had been seen at the still the day the deceased disappeared, and that the defendant had been heard to say that he struck the deceased once, and that the defendant left the searching party and went to Baltimore, Maryland, a day or two before the body was found. However, there is no evidence that the defendant struck the deceased with an ax, or that the deceased was struck with an ax, or that the deceased's death was caused by being struck with anything. "The prosecution has the burden of proving the *corpus delicti,* that is, a crime has been committed, before the jury may proceed to inquire as to who committed it." 22 C. J. S., Criminal Law, par. 567, page 883.

"Proof of a charge, in criminal causes, involves the proof of two distinct propositions: first, that the act itself was done, and secondly, that it was done by the person charged, and by none other—in other words, proof of the *corpus delicti* and of the identity of the prisoner. Hence, before there can be a lawful conviction of a crime, the *corpus delicti*— that is, that the crime charged has been committed by someone—must be proved. Unless such a fact exists there is nothing to investigate.

Until it is proved, inquiry has no point upon which it can concentrate; indeed, there is nothing to inquire about." 7 R. C. L., 774.

To show that the deceased was dead, without establishing the felonious cause of the death, or the identity of the defendant as the person who caused the death, or circumstance from which these facts might reasonably be inferred, falls short of proving the *corpus delicti* of the crime of which the defendant has been convicted. *S. v. Church,* 202 N. C., 692, 163 S. E., 874.

The motion for judgment of nonsuit should have been allowed. It will be sustained here as provided by G. S., 15-173.

Reversed.