STATE OF NORTH CAROLINA v. CECIL BOYD GRACE

No. 64

(Filed 6 May 1975)

1. Criminal Law § 34— evidence of other crimes — competency to show common plan, identity

In an armed robbery prosecution, testimony by a participant in the robbery that he and defendant had previously robbed three similar establishments and that defendant had used the same pistol in all of the robberies was admissible to establish a common plan or scheme embracing the commission of a series of related crimes which tended to connect the accused with the commission of the crime charged and was also competent on the question of identity.

2. Criminal Law § 169— objection to evidence — same evidence admitted without objection

When evidence is admitted over objection but the same evidence has theretofore been admitted without objection, the benefit of the objection is ordinarily lost.

3. Criminal Law § 162— necessity for objection or motion to strike

An objection must be made as soon as the objectionable question is asked and before the witness has time to answer; however, when inadmissibility is not indicated by the question and becomes apparent in the answer, the objection should be in the form of a motion to strike the answer or its objectionable part.

ON *certiorari* to review the decision of the Court of Appeals, 23 N.C. App. 517, 209 S.E. 2d 321, finding no error in the trial before *Brewer, J.,* 7 January 1974 Criminal Session of DURHAM Superior Court.

---

---

The State offered evidence which tended to show the following facts:

On the night of 17 August 1973, about 10:00 p.m., two young men entered the Farm Fresh Dairy Store in Durham and asked Lewis D. Walker, the owner and operator of the establishment, for cigarettes and a drink. He turned his back to them momentarily, and, upon turning around, he saw one of them removing a roll of bills from the cash register. When he tried to stop him, the other young man shot him with a brown .32 caliber pistol. They fled, taking with them about $400 of his money. He later attended a lineup but was unable to identify anyone as either of the robbers.

Darnell Malloy testified and admitted that he was one of the persons who committed the robbery on 17 August 1973. He stated that defendant did the shooting and that they had committed three other robberies in which defendant had used the same pistol. He also admitted that he had pled guilty to taking part in all four of the robberies. Since defendant's only assignment of error particularly relates to this witness's testimony and the testimony of Detective H. L. Hayes, we will recount the testimony given by them in greater detail in the opinion.

Defendant offered evidence to support his defense of alibi.

The jury returned a verdict of guilty as charged, and defendant appealed from judgment imposed on the verdict. The Court of Appeals found no error in the trial, and we allowed *certiorari* on 30 December 1974.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Rudolph L. Edwards for the defendant.*

BRANCH, Justice.

The sole question presented by this appeal is whether the trial judge erred in admitting evidence of other crimes allegedly committed by defendant.

The witness Malloy testified, in part, as follows:

. . . [H]e and Grace began to run around together. He had seen Grace with a .32 caliber automatic pistol. He saw Cecil Grace on August 17, 1973 at about three o'clock. Grace

had come by his house and asked if he wanted to go out *again* that night. They had planned to rob Jim's Party Store, but when they got there, there were too many people around. They rode around until they came to the Farm Fresh Dairy Store. That they went to the Farm Fresh Dairy Store and that he ordered a Coke and cigarettes; and when the man turned his back, he grabbed the money in the cash drawer. When the man turned around, he tried to push him away and Grace shot the man at that time. They got Four Hundred Dollars ($400) from the robbery which was divided equally between them. *He and Grace had robbed three other places before they robbed the Farm Fresh Dairy Store.*

Q. Did you ever rob any other place?

OBJECTION.   OVERRULED.

Q. Did you ever rob any other places?

A. Yes, sir, we hit three other places.

Q. Let me ask you this, the times that you went to the other places did Cecil Boyd Grace carry this pistol with him each time?

A. Yes sir.

OBJECTION.   OVERRULED.

EXCEPTION No. 1

Q. Let me ask you this, how many other places did you and Cecil rob together, Mr. Malloy?

OBJECTION.   OVERRULED.

A. We only robbed three other places.

Q. And over what period of time did you go to these other places?

A. It was about four weeks in all.

Q. Four weeks. What were these other three places that you went to, Mr. Malloy?

OBJECTION.   OVERRULED.

A. We went to Wombles Grocery, B and D Market, and one way out on North Roxboro by the stadium. I don't know the name of that place.

EXCEPTION NO. 2    [Emphasis supplied.]

Detective H. L. Hayes, over objection, testified as to a statement made by the witness Darnell Malloy concerning the robbery and "three other robberies that he and Grace were involved in." The judge instructed the jury that this testimony was admitted solely for the purpose of corroborating the witness Malloy. Detective Hayes read a statement, signed by Malloy, which detailed the Farm Fresh robbery and substantially corroborated the testimony of the witness Malloy. At the end of the statement and above Malloy's signature, the following language appeared: "The above is a true statement as to what happened in the robbery at Womble's Grocery, King Cole, Junior, and D and B Market, and Farm Fresh Dairy Store."

The landmark case of *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364, in part states:

> The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. [Citations omitted.] . . .

> \*        \*        \*

> The general rule excluding evidence of the commission of other offenses by the accused is subject to certain well recognized exceptions, which are said to be founded on as sound reasons as the rule itself. [Citation omitted.] The exceptions are stated in the numbered paragraphs, which immediately follow.

> \*        \*        \*

> 6. Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. [Citations omitted.] Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

This Court has recognized the above-quoted exception to the general rule in numerous cases. *See, e.g., State v. Smoak,* 213 N.C. 79, 195 S.E. 72 (Defendant was charged with murder, and the State's evidence tended to show that he had insured his

State v. Grace

daughter's life, poisoned her with strychnine, and immediately after the death attempted to collect the insurance proceeds. Evidence of the deaths of defendant's two wives from strychnine poisoning and of a non-fatal attack of strychnine poisoning of another person upon whom defendant had procured life insurance was admitted.); *State v. Pannil,* 182 N.C. 838, 109 S.E. 1 (Defendants were charged with larceny of oats, and bags of "sweet feed" bearing the marks indicating ownership in the prosecuting witness were found in defendants' barns. The evidence concerning the "sweet feed" was admitted on the theory that it showed common design to commit larceny.); *State v. Stancill,* 178 N.C. 683, 100 S.E. 241 (Defendants were charged with larceny of tobacco, and other thefts by the same people were admitted to show common design.); *State v. Boynton,* 155 N.C. 456, 71 S.E. 341 (Defendant was charged with illicit sale of liquor, and evidence of prior sales of liquor was admitted to show his habit of keeping liquor.). *See* Annotation, Robbery— Evidence of Other Robberies, 42 A.L.R. 2d 854, for an exhaustive collection of cases and a discussion of the question presented by this appeal. *See also* 2 J. Wigmore, Evidence §§ 304, 351 (3d Ed.).

[1] In instant case the challenged evidence relates to three previous robberies of similar establishments by the same persons and by the use of the identical pistol in the hands of defendant on each occasion. The collateral offenses were executed according to the same plan and method as was followed in the commission of the crime here charged and therefore tended to establish a common plan or scheme embracing the commission of a series of related crimes which tended to connect the accused with the commission of the crime charged. Further, since defendant's defense was alibi, we think that the evidence would also be competent on the question of identity.

[2] Prior to any objection to evidence concerning other crimes, the record shows that the witness Malloy testified that he and defendant had robbed three other places before they robbed the Farm Fresh Dairy Store. Even had the evidence of other crimes been incorrectly admitted, its admission would have been rendered harmless by the admission without objection of testimony of the same import prior to the offering of the evidence here challenged. In this jurisdiction, it is well established that when evidence is admitted over objection but the same evidence has theretofore been admitted without objection, the benefit of the

objection is ordinarily lost. *See, e.g., State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735; *State v. Hairston,* 280 N.C. 220, 185 S.E. 2d 633; *State v. Little,* 278 N.C. 484, 180 S.E. 2d 17; *State v. Owens,* 277 N.C. 697, 178 S.E. 2d 442; *State v. Wright,* 270 N.C. 158, 153 S.E. 2d 883.

[3] We also note that counsel for defendant objected *after* the witness Malloy testified that on the occasion of each robbery defendant carried the same pistol. Neither did he move to strike the answer. Our rule requires that an objection be made as soon as the objectionable question is asked and before the witness has time to answer. However, when inadmissiblity is not indicated by the question and becomes apparent in the answer, then the objection should be in the form of a motion to strike the answer or its objectionable part. In ordinary cases the objection is waived upon failure to follow this rule. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599; 1 D. Stansbury, North Carolina Evidence § 27 (Brandis Rev.). Neither was any objection or motion to strike directed to that portion of the written statement of the witness Malloy made to the witness Hayes, which specifically named the four places that defendant and Malloy had allegedly robbed.

For the reasons stated, we hold that there was no prejudicial error in the admission of evidence relating to other crimes allegedly committed by defendant.

The decision of the Court of Appeals is

Affirmed.