STATE OF NORTH CAROLINA v. JOSEPH LEE PERRY

No. 114

(Filed 13 June 1977)

1. **Criminal Law § 34.5— commission of another crime—competency to show identity**

In this prosecution for murder committed in the perpetration of an armed robbery of a convenience store, evidence of defendant's participation in an armed robbery of a second convenience store some two weeks earlier was relevant to show defendant's identity as the perpetrator of the crime charged where the victim was shot in both instances; in both robberies the perpetrator attempted to mask his appearance during the commission of the crime; defendant was positively identified as the perpetrator of the earlier robbery; a long black gun was used in both robberies; and empty cartridges found at the scene of both robberies were found by a ballistics expert to have been fired from the same gun.

2. **Homicide § 21.4— murder during robbery—sufficiency of evidence of defendant's identity**

The State's evidence was sufficient to permit the inference that defendant was the perpetrator of a murder committed during an armed robbery of a convenience store where it tended to show that defendant committed an armed robbery of another convenience store some

two weeks earlier; the same gun was used in both crimes and the same *modus operandi* was used in both instances; defendant was in possession of a black Cadillac prior to the robbery-murder; and a black Cadillac was parked near the convenience store at the time of the robbery-murder.

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Braswell, J.*, at the 1 November 1976 Session of GRANVILLE Superior Court.

Defendant was tried upon an indictment, proper in form, for the murder of Roy Brent Bullock. Upon return of a verdict of guilty of first degree murder, defendant was sentenced to life imprisonment.

The State introduced evidence tending to show that on 18 November 1975, between 9:00 and 9:30 p.m., Lois Marie Bullock, fourteen years of age, was stocking the display racks of a "walk-in" cooler at The Food Mart in Butner. Her father, Roy Brent Bullock, was employed behind the counter of the store. The cooler had glass doors which enabled Lois Marie to see the counter of the store from inside the cooler. While in the cooler, Lois Marie saw two black males behind the counter of the store near the cash register. She then heard a total of three shots which were fired from a "long, black gun." Lois Marie was unable to give a description of the two men other than both were black and between sixteen and nineteen years of age. One of the men was tall and wearing a red bandana; the other man was short. Roy Brent Bullock was found to have been shot three times by a .22-caliber weapon. Mr. Bullock died as a result of the wounds inflicted.

On the evening of the murder, the scene of the crime was investigated. It was found that over $300 had been removed from the cash register. On 29 November 1975, a spent .22-caliber cartridge was found among books, papers and other items lying on a table adjacent to the cash register.

The State further introduced the testimony of Barbara Powell concerning the robbery of a Kwik-Pik in Durham. Ms. Powell testified that on 5 November 1975 she was managing a Kwik-Pik in Durham. At approximately 11:30 p.m. on that evening, a black male entered the store wearing an orange stocking over his head and carrying a gun with a long barrel and a black handle. After taking the money contained in the cash register and Ms. Powell's pocketbook, the male shot Ms.

Powell. Because of a run in the stocking over her assailant's face, Ms. Powell was able to positively identify defendant as the man who robbed and shot her. A spent .22-caliber cartridge was found on the floor of the Kwik-Pik. Through expert ballistics testimony, it was shown that the cartridge found on the table of The Food Mart and the cartridge found on the floor of the Kwik-Pik were fired from the same gun.

Other facts necessary to the decision of this case will be discussed in the opinion.

*Attorney General Rufus L. Edmisten and Assistant Attorney General Claude W. Harris for the State.*

*James E. Cross, Jr., for defendant appellant.*

MOORE, Justice.

[1] Defendant first contends that the trial court erred in allowing the testimony of Ms. Powell concerning the robbery of the Kwik-Pik in Durham on 5 November 1975, and in admitting into evidence the spent .22-caliber cartridge found on the floor of the Kwik-Pik. It is a well established rule that in the prosecution of a defendant for one crime, evidence tending to show that a defendant committed another distinct, separate offense is not admissible. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954); 1 Stansbury, N.C. Evidence § 91 (Brandis rev. 1973), and cases cited therein. The rule, however, is subject to certain equally well established exceptions. The exception relevant to present case is succinctly stated in *State v. McClain, supra,* at 175, 81 S.E. 2d at 367:

> "4. Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. [Citations omitted.]"

In *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972), defendant was on trial for a rape committed on the evening of 13 October 1971. The State's evidence tended to show that on the evening in question defendant abducted his victim and forced her to have sexual relations with him by threatening to lacerate her throat with a metal comb. The State further in-

troduced the testimony of another woman who stated that on the evening of 19 October 1971 defendant had abducted her by holding a metal comb to her neck. Defendant was apprehended by law enforcement officers before completing his crime. In upholding the admission of the evidence of the 19 October abduction, this Court stated:

> "The enumerated similarities tend to show a *modus operandi*, a common plan embracing the commission of both crimes, and also establish a chain of circumstantial evidence tending to identify defendant as the man who raped Miss Elliott. Thus, evidence of the Conklin offense was admissible and should not be rejected because it incidentally proves defendant guilty of another crime. Its logical relevancy to the rape of Miss Elliott is obvious. The trial judge instructed the jury to consider such evidence 'only as it relates to the identity of the defendant, Horace Ray McClain,' as the man who raped Miss Elliott on 13 October 1971. It was competent on the question of identity and properly admitted. [Citations omitted.]" 282 N.C. at 362, 193 S.E. 2d at 111-12. *See also State v. Thompson*, 290 N.C. 431, 226 S.E. 2d 487 (1976); *State v. Grace*, 287 N.C. 243, 213 S.E. 2d 717 (1975); *State v. Stegmann*, 286 N.C. 638, 213 S.E. 2d 262 (1975); *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974); *State v. Perry*, 275 N.C. 565, 169 S.E. 2d 839 (1969); *State v. Biggs*, 224 N.C. 722, 32 S.E. 2d 352 (1944).

Under the decisions of this Court, we are of the opinion that the evidence of the Kwik-Pik robbery was admissible in present case. The Kwik-Pik robbery tended to show that during the evening defendant entered a convenience store while wearing a stocking over his face. He then requested the manager's money. Upon receiving the money, defendant shot the manager with a gun which had "a long barrel with a black handle." After defendant fled the scene, a spent .22-caliber Western Super X long rifle cartridge was found on the floor of the Kwik-Pik. The evidence in the case at bar tended to show that two black males entered a convenience store during the evening. One of the males was wearing a bandana over a portion of his face. The males took the contents of the cash register, and then one male shot the operator of the store with a "long, black gun." A spent .22-caliber Western Super X long rifle cartridge was found on a table near the cash register. Through expert

ballistics testimony, the two cartridges were found to have been fired from the same gun.

The similarities between the two crimes are patently obvious. Both robberies occurred at convenience stores; the same gun was used in both instances; the victim was shot in both instances; and in both robberies the perpetrator attempted to mask his appearance during the commission of the crime. The similarities in the method of operation in both robberies and the positive identification of defendant in the Kwik-Pik robbery tend to identify defendant as the perpetrator of the robbery at The Food Mart in Butner. The evidence was clearly relevant for the consideration of the jury on the issue of identity. Hence, we overrule this assignment.

Defendant further contends that his motion for judgment as in case of nonsuit should have been allowed. It is well established that a motion for nonsuit is properly denied if there is any evidence of each element of the offense charged, considering the evidence in the light most favorable to the State and giving it the benefit of every reasonable inference deducible therefrom. *State v. Everhart*, 291 N.C. 700, 231 S.E. 2d 604 (1977); *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976); 4 Strong, N.C. Index 3d § 106 (1976).

In present case, the State was required to prove that defendant committed a homicide during the perpetration or attempted perpetration of the felony of robbery. G.S. 14-17; *State v. May*, 292 N.C. 644, 235 S.E. 2d 178 (1977), (decided this day); *State v. Haynes*, 276 N.C. 150, 171 S.E. 2d 435 (1970). As in all criminal cases, there are two items which the State must prove: (a) that a crime has been committed, *i. e.*, the *corpus delicti;* and (b) that defendant committed the crime. *See State v. Clyburn*, 273 N.C. 284, 159 S.E. 2d 868 (1968); *State v. Edwards*, 224 N.C. 577, 31 S.E. 2d 762 (1944).

[2] Clearly, there was sufficient evidence to go to the jury of a murder committed during the perpetration of a robbery, *i.e.*, the *corpus delicti.* The only contested issue, and the only issue which defendant seriously raises on appeal, was whether the State proved that defendant was the perpetrator of the crime. We are of the opinion that, for the purposes of nonsuit, the State has sufficiently proved the identity of defendant.

We have heretofore outlined the evidence and similarities of the crimes committed at The Food Mart in Butner on 18 November 1975 and at the Kwik-Pik in Durham on 5 November 1975. This evidence established that defendant committed the crime at the Kwik-Pik. The evidence further established that the same gun was used in both crimes and that the same *modus operandi* was used in both instances. The State also introduced testimony that defendant was in possession of a black Cadillac prior to 18 November 1975, and that at approximately the time of the incident at The Food Mart a black Cadillac was parked near the store. The similarities of the two crimes and the use of the same gun, coupled with the other evidence introduced by the State, were sufficient to permit the inference that defendant was the perpetrator of the crime in present case. Hence, the trial judge properly overruled defendant's motion for judgment as in case of nonsuit.

We have reviewed the entire record and find no error.

No error.