STATE OF NORTH CAROLINA v. WILLIAM A. PAUL, JR.

No. 813SC1339

(Filed 7 September 1982)

1. **Criminal Law § 102.3— jury argument outside the evidence—cure of impropriety**

    In a prosecution for possession and sale of marijuana, the trial court did not err in failing to declare a mistrial after the district attorney argued outside the evidence that a witness had seen defendant sell marijuana to a third person where the State's main witness had testified that she saw defendant sell marijuana to the third person, the trial judge instructed the district at-

torney to limit his argument to the evidence, and the district attorney then asked the jury to strike his prior argument from their minds.

**2. Narcotics § 5— not guilty of possession—guilty of sale—verdicts not inconsistent**

Verdicts of not guilty of possession of marijuana with the intent to sell or deliver and guilty of the sale or delivery of marijuana were not inconsistent so as to require the trial court to set aside the guilty verdict.

**3. Criminal Law § 122— verdict not coerced by court**

The trial judge did not coerce a guilty verdict when he called the jury in to determine the status of the deliberations, the foreman stated that they were unanimous on one count but still divided on the other, the judge then instructed the jury to have a short conference about whether an opportunity to deliberate further would be of help to them, the jury returned a short time later to announce that they had reached a verdict on the second count, and the jury returned verdicts of not guilty on a charge of possession of marijuana with intent to sell or deliver and guilty on a charge of sale or delivery of marijuana.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 3 September 1981 in Superior Court, PAMLICO County. Heard in the Court of Appeals 26 May 1982.

Defendant was convicted of sale or delivery of a controlled substance, marijuana. On a charge of possession with intent to sell or deliver the controlled substance, defendant was found not guilty. The alleged sale took place at the Hurricane Restaurant in Pamlico County where, on the evening of 25 March 1982, defendant was working as a fill-in cook. At trial, Stephanie Sue Best testified that on 26 March 1981 she was caught at school carrying marijuana in her pocketbook. She was taken to the sheriff's department for questioning where she told authorities that she had bought the marijuana from the defendant the previous evening.

Grace Perry testified that she was an assistant cook at the Hurricane Restaurant on the night in question. She heard Ms. Best ask the defendant if he could get her some "pot." Defendant made a phone call and sometime afterwards went out the back door. He returned and told Ms. Best "that he had got some stuff." Ms. Perry was not a witness to the alleged sale as defendant and Ms. Best went into the storeroom.

Defendant's evidence consisted of the testimony of Michelle Powers who stated that she was a waitress at the Hurricane Res-

taurant and did not see the defendant give or sell any marijuana to Ms. Best that night. Defendant took the stand and denied having "anything to do with buying pot, selling pot, getting drugs or anything like that."

*Attorney General Edmisten by Assistant Attorney General Frank P. Graham, for the State.*

*Sumrell, Sugg & Carmichael by Rudolph A. Ashton, III, for the defendant.*

MARTIN (Robert M.), Judge.

[1] During the trial defendant objected to the State's asking Ms. Perry whether she saw the defendant give anything to Michelle Powers. Simultaneously with the objection came Ms. Perry's answer—"Yes, I did." The trial court sustained the objection and instructed the jury to disregard the answer. Later, in his closing argument to the jury, the district attorney apparently stated that Ms. Perry had seen the defendant sell marijuana to Ms. Powers. Following an objection, the trial judge instructed the district attorney to limit his argument to the evidence. The district attorney then asked the jury to strike his prior argument from their minds. Defendant assigns as error the trial court's failure to declare a mistrial after the district attorney had argued outside the evidence "in such a manner that the defendant was irreparably prejudiced."

Control of the arguments of counsel is within the sound discretion of the trial judge. *State v. Monk*, 286 N.C. 509, 212 S.E. 2d 125 (1975). As a general rule, improper argument of counsel is cured by the court's action in cautioning counsel to confine argument to matters in evidence and cautioning the jury not to consider it. *State v. Pruitt*, 301 N.C. 683, 273 S.E. 2d 264 (1981); *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897, *cert. den.* 403 U.S. 940 (1970). Defendant is entitled to a new trial only if the impropriety is shown to be prejudicial. *Yost v. Hall*, 233 N.C. 463, 64 S.E. 2d 554 (1951).

Defendant overlooks the fact that Ms. Best testified, without objection, that *she* saw the defendant sell some of the marijuana to Michelle Powers. In light of this testimony, coupled with the court's cautionary instruction and the district attorney's own

curative remarks, we find that the defendant has not shown sufficient prejudice to warrant awarding him a new trial.

[2] Defendant next contends that the court erred in not setting aside the guilty verdict on the sale of marijuana when the verdict for possession with intent to sell was not guilty. We do not agree. Our courts have treated sale and possession with intent to sell a controlled substance as two separate offenses. "[P]ossession is not an element of sale and sale is not an element of possession." *State v. Aiken,* 286 N.C. 202, 206, 209 S.E. 2d 763 (1974); *see State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973). Defendant argues that the State's evidence "conclusively shows that this was not a case where possession was legal (but the sale illegal) . . . and where Defendant made a sale without possession," thus attempting to distinguish *Aiken, supra,* and *Cameron, supra.* It appears, however, that the jury believed there was insufficient evidence on the possession charge. Ms. Best testified only that defendant "sold" her the marijuana. Ms. Perry did not see defendant in possession, nor did she actually witness the sale. Ms. Powers, on probation for shoplifting, denied any participation in the transaction. The State did not "conclusively" prove that the defendant made the sale without possession. The State merely failed to prove possession, the verdicts were not inconsistent and we find no error.

[3] Defendant next contends that "the jury failed to follow the instructions of the court in reaching a verdict," the effect of which was that the trial judge coerced the jury into making a decision. This contention is without merit.

At some point during their deliberations, the judge called the jury in to ask if they had been able to reach a verdict. The foreman stated that they were unanimous on one count, but still divided on the other. The court then instructed the jury to have a short conference about whether an opportunity to deliberate further would be of help to them. In effect, the jury answered the judge's question by returning shortly afterwards to announce that they had reached a verdict on the second count. At no time had the jury indicated that they were deadlocked or unable to reach a verdict. The trial judge, by his question, was attempting to determine the status of the deliberations, apparently in order to decide whether to allow the jury to continue that day or resume

deliberations the next day. He did not, at that time, invoke the provisions of 15A-1235. We find no error, and for this reason reject defendant's final assignment of error by which he contends the jury foreman should have been required to disclose whether the guilty verdict was the second verdict reached.

No error.

Chief Judge MORRIS and Judge BECTON concur.