STATE OF NORTH CAROLINA v. EARNEST NEAL STALLINGS

No. 844SC1323

(Filed 1 October 1985)

**Robbery § 4.7— armed robbery—evidence not sufficient**
> Defendant's motion to dismiss a charge of armed robbery should have been granted where the store clerk testified that she clearly remembered the robber's voice, walk, and eyes, but never positively identified defendant by those characteristics, and where the only evidence linking defendant to clothing articles and a shotgun found near the store after the crime and positively identified by the clerk was that hairs found inside a mask were microscopically consistent with defendant's. The most that could be inferred from the clerk's testimony was that defendant and the robber walked similarly and had blue eyes, and comparative microscopy of hair must be combined with other substantial evidence to take a case to the jury.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 17 August 1984 in Superior Court, ONSLOW County. Heard in the Court of Appeals 28 August 1985.

Defendant appeals his conviction of armed robbery.

*Attorney General Thornburg, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Jeffrey S. Miller for the defendant.*

EAGLES, Judge.

The dispositive question presented by this appeal is whether the State presented evidence that defendant was the perpetrator of the armed robbery sufficient to withstand defendant's motion to dismiss.

I

The law governing questions of the sufficiency of the evidence in criminal cases is well established. *See State v. Earnhardt,* 307 N.C. 62, 296 S.E. 2d 649 (1982); *State v. Bell,* 65 N.C. App. 234, 309 S.E. 2d 464 (1983), *aff'd,* 311 N.C. 299, 316 S.E. 2d 72 (1984) (per curiam). Briefly summarized, the law requires the State in a criminal prosecution to present to the jury substantial evidence of each element of the crime charged and of the accused's identity as the perpetrator. The evidence, direct and cir-

cumstantial, is taken in the light most favorable to the State in determining its sufficiency; evidence which raises only a suspicion as to the accused's identity does not suffice. While simply stated, these general principles remain difficult to apply.

## II

Here the commission of the robbery was not disputed. On the issue of the identity of the perpetrator, the jury heard the following evidence from the State: Ms. King, the store clerk, testified that the robber walked into the store carrying a shotgun, with a mask over his face. She could only see his eyes, which were blue and distinctive. She recognized the robber's voice as one she had heard before. Ms. King testified that defendant was a regular customer. She never positively identified defendant as the robber, however. She testified that defendant's eyes were blue, but failed to identify them as the same distinctive eyes. Ms. King did not match defendant's voice with the robber's. She stated that the robber had an unusual walk, and that defendant had a "similar walk." Ms. King positively identified the clothes and a shotgun found near the store after the crime as those used by the robber. The only evidence tending to link the clothing articles to defendant was that hairs found inside the mask were microscopically consistent with defendant's but not positively identified as being hair belonging to the defendant. (Evidence presented on *voir dire* tended to show that the shotgun had belonged to defendant at an earlier time. This evidence never came before the jury, however.)

## III

Ms. King's evidence alone did not suffice to carry the issue of defendant's identity to the jury. Although she testified that she clearly remembered the robber's voice, walk and eyes, she never positively identified defendant by these characteristics despite extensive examination and opportunity. Taking her evidence in the light most favorable to the State, the most that can be inferred is that defendant and the robber walked similarly and had blue eyes. Such limited and equivocal evidence, standing alone, will not withstand a timely motion to dismiss. *See In re Vinson*, 298 N.C. 640, 260 S.E. 2d 591 (1979) (victim testified that accused "looked just like" robber, but expressed doubt elsewhere, "not sure" same boy); *State v. White*, 293 N.C. 91, 235 S.E. 2d 55 (1977) (sketchy identification; no other circumstances identifying defendant);

*State v. Clyburn*, 273 N.C. 284, 159 S.E. 2d 868 (1968) (witness could not "honestly say" that defendants were same men; described them only as one tall and one short, one walked with limp); *compare State v. Perry*, 293 N.C. 97, 235 S.E. 2d 52 (1977) (vague eyewitness identification testimony, but sufficient circumstantial evidence to go to jury).

## IV

Neither is the comparative microscopic hair analysis evidence sufficient to carry the case to the jury. Hair analysis evidence is admissible under the broad scope of relevancy in criminal cases. *State v. Hannah*, 312 N.C. 286, 322 S.E. 2d 148 (1984) (relevant "if any logical tendency, however slight" to prove identity). Unlike fingerprint evidence, however, comparative microscopy of hair is not accepted as reliable for positively identifying individuals. Rather, it serves to exclude classes of individuals from consideration and is conclusive, if at all, only to negative identity. *See State v. Green*, 305 N.C. 463, 290 S.E. 2d 625 (1982); Annot., 23 A.L.R. 4th 1199 (1983). Our review of the North Carolina cases involving comparative microscopy evidence indicates that it must be combined with other substantial evidence to take a case to the jury. *State v. Hannah, supra* (eyewitness and fingerprint evidence); *State v. Green, supra* (eyewitness, fingerprint and dental evidence and admissions); *State v. Downes*, 57 N.C. App. 102, 291 S.E. 2d 186, *appeal dismissed and disc. rev. denied*, 306 N.C. 388, 294 S.E. 2d 213 (1982) (defendant former employee, positive match with weapon). *Compare State v. Miller*, 289 N.C. 1, 220 S.E. 2d 572 (1975) (positive fingerprint match plus defendant's denial that ever on premises sufficient).

## V

We also conclude, by comparison with the totality of the evidence found insufficient in other reported cases, that the sum of the evidence before us does not suffice to raise more than a suspicion or conjecture of defendant's identity as the perpetrator.

In *State v. Bell, supra*, defendant was arrested near the scene of a murder near the time of the crime in clothes similar to those worn by a man seen at the scene. He had bloodstains on his clothing, and bloodstains consistent with his type and inconsistent with the victim's were found inside the victim's apartment. De-

fendant when arrested had keys which fit the victim's door and post office box.

In *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967), the State placed defendant at the scene at or near the time of a murder. Defendant was found covered with blood shortly after that time, and had in his possession a knife covered with human blood.

In *State v. Bass*, 303 N.C. 267, 278 S.E. 2d 209 (1981), a rape victim gave a description approximating defendant's, and defendant's fingerprints were found on an outside window of the victim's house. Defendant admitted being at the house, but testified that he had broken in one month earlier.

In *Bell, Cutler* and *Bass*, the court held that the State had presented insufficient evidence of the accused's identity as the perpetrator. Viewing the quantum of evidence in the record before us in light of the facts of *Bell, Cutler* and *Bass*, we conclude that the State's evidence in the instant case did not suffice to go to the jury on the *identity* issue. The evidence merely shows that a person who resembled defendant in two inconclusive particulars robbed a store and that a person with hair microscopically consistent with defendant's hair wore the mask found nearby afterwards. The jury may draw no inference from defendant's failure to testify. Defendant's motion to dismiss should have been allowed.

Accordingly, defendant's conviction for armed robbery is

Reversed.

Judges JOHNSON and PARKER concur.