STATE OF NORTH CAROLINA v. PERRY ANGELO SHERRILL

No. 8926SC1095

(Filed 17 July 1990)

1. **Criminal Law § 73 (NCI3d)— impressions of eyewitness told to investigator—investigator's testimony inadmissible hearsay**

   Testimony by an investigator with the district attorney's office as to the impressions or "feeling" of an eyewitness that defendant was a victim rather than a perpetrator of the crime was inadmissible hearsay testimony.

   **Am Jur 2d, Evidence § 500.**

2. **Criminal Law § 73 (NCI3d)— statement by investigator inadmissible hearsay—no prior consistent statement of defendant**

   The trial court did not err in failing to allow an investigator with the district attorney's office to provide hearsay testimony as to an eyewitness's relation of statements made to the eyewitness by defendant, which defendant argued tended to corroborate defendant's testimony at trial, since the hearsay testimony of the investigator offered in corroboration of defendant was not a prior consistent statement of defendant, but rather was a hearsay statement of the eyewitness.

   **Am Jur 2d, Witnesses § 653.**

3. **Appeal and Error § 447 (NCI4th)— issue raised first on appeal—issue not considered by court**

   Defendant could not argue on appeal that the trial court erred in allowing into evidence an officer's testimony that defendant had been involved in an unrelated drug transaction "because admission of such evidence violated the prohibition of Rule 608 against proving specific instances of misconduct by extrinsic evidence," since defendant did not raise that issue in the trial court, and the issue which he did raise in the trial court he abandoned by not raising it on appeal.

   **Am Jur 2d, Appeal and Error §§ 601, 602.**

APPEAL by defendant from judgment entered 11 April 1989 by *Judge W. Terry Sherrill* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 30 May 1990.

*Lacy H. Thornburg, Attorney General, by William F. Briley, Assistant Attorney General, for the State.*

*Marc D. Towler, Assistant Public Defender, for the defendant-appellant.*

GREENE, Judge.

The defendant, Perry Angelo Sherrill, was convicted at a jury trial of three counts of robbery with a dangerous weapon. Defendant appeals.

The State's evidence tends to show that on 28 July 1988 at approximately 9:30 p.m. William Lindsey, Eric Bush and James Staton went to Earle Village housing development to meet some girls by arrangement with an acquaintance, Jody Wright. Two men approached the three young visitors as they stood by their car in the Village parking lot waiting for Wright's return. The defendant approached first and asked the men if they had cigarettes or rolling papers. The second man, identity still unknown, then pulled a gun and pointed it at the visitors, demanding their valuables. The defendant then walked around them and stated: "We're going to show you what Earle Village is about." The defendant then took a substantial amount of gold jewelry from the visitors, put some in his pocket and held some in his hand. The gunman then told the three visitors to run away without looking back. They ran, but two of them looked back and saw the defendant and the gunman walking away together between some apartment buildings.

The defendant testified that he was a resident of Earle Village, and on the evening of 28 July 1988 he and Jody Wright discussed a drug deal. The defendant stated, "we was waiting on Eric Bush, his beeper code name is Sterling, and we beeped him to bring us a package [of cocaine]." The defendant waited alone in the Village parking lot for about thirty minutes. A car containing three young men and Jody Wright arrived, and Wright approached the defendant and told him to wait. Wright left the scene. A few minutes later the unknown gunman arrived and robbed the defendant of $110.00. The gunman then instructed the defendant to go toward the three visitors. The defendant tried to get their attention by asking for cigarettes, and then the gunman shoved him toward them and said "everybody give them up." On the gunman's instructions, the defendant took from the visitors jewelry, two bags of cocaine and a beeper, and gave all of it to the gunman. The defend-

ant ran away when the gunman told him and the visitors to do so. The defendant did not report the robbery.

The trial court allowed the defendant to introduce hearsay testimony through Bruce McDonald, an investigator with the district attorney's office, relating to portions of a telephone conversation he had with a Benny Whitney a week before trial. The defendant had subpoenaed Mr. Whitney, but Whitney did not appear. The trial court allowed McDonald to relate to the jury that Whitney claimed to have witnessed the incident in the Earle Village parking lot. Whitney said he saw the defendant and an unidentified man with a gun approach the three black males. Whitney saw the defendant hand the gunman some items taken from the three men, and then the defendant ran off in a different direction from that of the gunman. However, the trial court did not allow McDonald to provide hearsay testimony on Whitney's opinion, rising from an intangible "feeling," that the defendant was a victim rather than a perpetrator of the robbery.

The trial court also refused to admit McDonald's hearsay testimony of Whitney's statement that the defendant had told Whitney that he thought the gunman would shoot him.

During cross-examination of the defendant, the district attorney asked the defendant:

Q. Have you sold anything that looks like cocaine?

A. No, sir.

On rebuttal, the prosecution called Officer E. L. Kirtchen, who testified that on 14 September 1988, over a month after the offense at issue, defendant attempted to sell him a substance purported to be cocaine, which in fact was not cocaine. The defendant objected to Officer Kirtchen's testimony, arguing that the testimony was not admissible because he had been asked: "did you ever sell anything that looked like cocaine, not did you ever attempt to sell anything that looked like cocaine."

---

The issues presented are (I) whether the trial court erred in failing to admit hearsay testimony of a robbery witness's impression or "feeling" that the defendant was a victim rather than perpetrator of the crime; (II) whether the trial court erred in failing to admit hearsay testimony relating to an alleged prior consistent

statement of the defendant; and (III) whether the trial court erred in admitting extrinsic evidence of specific conduct of the defendant to attack his credibility.

## I

[1] The defendant argues that the trial court erred in failing to allow McDonald's testimony as to Whitney's impression or feeling about the defendant's role in the robbery. The defendant asserts that Whitney's opinion, albeit based on an intangible feeling or impression, was admissible by N.C.G.S. § 8C-1, Rule 701, which allows non-expert testimony as to certain opinions or inferences. Rule 701 may allow such testimony by Whitney. *See State v. Williams*, 319 N.C. 73, 78, 352 S.E.2d 428, 432 (1987) (impressions sometimes admitted as shorthand statements of fact).

However, the trial court here was faced with the issue of whether Whitney's opinion should be allowed as hearsay testimony from McDonald. Rule 701 does not allow hearsay testimony, and the defendant does not assert any other grounds for admissibility either in his assignment of error or in his brief. Therefore, this assignment of error is overruled.

While we do not reach the issue, we note the trial court failed to make required findings to support the exclusion of this hearsay testimony. *See State v. Purdie*, 93 N.C. App. 269, 278, 377 S.E.2d 789, 794 (1989) (findings required before admitting or excluding evidence under both Rules 803 or 804).

## II

[2] The defendant next argues that the trial court erred in failing to allow McDonald to provide hearsay testimony as to Whitney's relation of statements made to Whitney by the defendant which the defendant argues tended to corroborate the defendant's testimony at trial. The defendant supposedly told Whitney that he was afraid the gunman would shoot him (defendant). Later in the trial the defendant in essence testified that he participated in the robbery only because he was compelled at gunpoint. *See Gregg v. Mallett*, 111 N.C. 74, 77, 15 S.E. 936, 937 (1892) (trial court may admit corroboration in *anticipation* of contradiction of the witness). However, the hearsay testimony offered by McDonald in corroboration of the defendant was not a prior consistent statement of the defendant, but rather was a hearsay statement of Whitney. This statement is not admissible since it is an " 'extra-judicial declaration

of someone [Whitney] other than the witness [defendant] purportedly being corroborated.'" *State v. Freeman*, 93 N.C. App. 380, 387, 378 S.E.2d 545, 550, *disc. rev. denied*, 325 N.C. 229, 381 S.E.2d 787 (1989) (quoting 1 H. Brandis, *Brandis on North Carolina Evidence* § 52, at 243 (3d ed. 1988)); *see also State v. McAdoo*, 35 N.C. App. 364, 367, 241 S.E.2d 336, 338, *disc. rev. denied*, 295 N.C. 93, 244 S.E.2d 262 (1978).

Because the defendant has not assigned as error any failure to admit this testimony as an exception to the hearsay rule, we overrule this assignment of error.

### III

[3] The defendant last argues that the trial court erred in allowing into evidence Officer Kirtchen's testimony that defendant had been involved in an unrelated drug transaction "because admission of such evidence violated the prohibition of Rule 608 against proving specific instances of misconduct by extrinsic evidence."

At trial, defendant argued only that Officer Kirtchen's testimony was not proper rebuttal evidence since it did not contradict the defendant's testimony on cross-examination. Since defendant does not now raise that issue on appeal, that issue is deemed abandoned. N.C.R. App. P. 28(b)(5) (exceptions deemed abandoned when "no reasonable argument is stated or authority cited"). Neither do we address the merits of defendant's Rule 608 argument since he did not raise this issue at trial. Rule 103(a)(1) of the Rules of Evidence requires that to preserve an error for appeal, the alleged error must be "clearly presented" to the trial court. N.C.G.S. § 8C-1, Rule 103(a)(1) (1986). The purpose of the rule is to "alert [the trial court] to the proper course of action and enable opposing counsel to take proper corrective measures." Rule 103, Commentary; *see State v. West*, 317 N.C. 219, 228, n.2, 345 S.E.2d 186, 192 (1986). Accordingly, defendant's specific objection at trial was ineffective to support an argument on appeal that the evidence was inadmissible under Rule 608. In any event, assuming admission of the evidence was error, given the strength of the State's evidence, we do not believe the error was prejudicial.

No error.

Judges ORR and LEWIS concur.