STATE OF NORTH CAROLINA, Plaintiff v. RODNEY LEE LITTLE, Defendant

STATE OF NORTH CAROLINA, Plaintiff v. RODNEY LEE LITTLE, Defendant

STATE OF NORTH CAROLINA, Plaintiff v. RODNEY LEE LITTLE aka RODNEY LAPERE LITTLE, Defendant

No. COA96-880

(Filed 20 May 1997)

1. **Appeal and Error § 147 (NCI4th)— hearsay—objection that testimony not responsive**

Defendant cannot contend on appeal that testimony was inadmissible hearsay where defendant objected to the testimony at trial on the ground that it was "not responsive."

**Am Jur 2d, Appellate Review §§ 614 et seq.**

**Sufficiency in federal court of motion in limine to preserve for appeal objection to evidence absent contemporary objection at trial. 76 ALR Fed. 619.**

2. **Burglary and Unlawful Breakings § 79 (NCI4th)— burglary—intent to commit felony—sufficiency of the evidence**

The State presented substantial evidence that defendant had the requisite intent to commit a felony necessary for a burglary conviction where there was evidence that the defendant was discovered with his foot on the victim's window sill at 1:00 a.m. and subsequently ran away, and defendant's flight was not accompanied by explanatory facts or circumstances.

**Am Jur 2d, Burglary §§ 50, 52, 62.**

3. **Criminal Law § 468 (NCI4th Rev.)— closing arguments— inappropriate inferences—harmless error**

Assuming the prosecutor's argument in a burglary case about the absence of defendant's fingerprints on a window sill were not appropriate inferences to be drawn from the evidence, there was no showing that a different result would have occurred if the

STATE v. LITTLE

[126 N.C. App. 262 (1997)]

court had sustained defendant's objection; thus, any error that was committed was harmless. N.C.G.S. § 15A-1443(a).

**Am Jur 2d, Trial §§ 609 et seq.**

**Propriety and prejudicial effect of prosecutor's argument to jury indicating that he has additional evidence of defendant's guilt which he did not deem necessary to present. 90 ALR3d 646.**

**Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L. Ed. 2d 886.**

4. **Criminal Law § 1310 (NCI4th Rev.)— habitual felon— superseding indictment after convictions**

The trial court erred in adjudicating defendant as an habitual felon with respect to his breaking or entering and larceny convictions based on a superseding habitual felon indictment issued after defendant was convicted of the substantive felonies where the superseding indictment changed the felony convictions relied on by the State to support the habitual felon charge, and defendant did not have notice, prior to his plea on the substantive felonies, that the State was seeking to have him declared an habitual felon on the basis of the three felonies listed in the superseding indictment.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

**Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.**

Appeal by defendant from judgments filed 18 January 1996 and 30 January 1996 by Judge Julius A. Rosseau, Jr., and judgment entered 31 January 1996 by Judge Melzer A. Morgan, Jr., from Guilford County Superior Court. Heard in the Court of Appeals 1 April 1997.

*Attorney General Michael F. Easley, by Associate Attorney General Melanie L. Vtipil, for the State.*

*Office of the Public Defender, by Assistant Public Defender Mark E. Hayes, for the defendant.*

GREENE, Judge.

On 15 November 1995 Rodney Lee Little (defendant) was convicted of first degree burglary, felonious breaking or entering, felonious larceny and felonious possession of stolen property. On 17 January 1996 the trial court found (after the defendant admitted his habitual felon status, while reserving his right to appeal on this issue) that the felonious breaking or entering and the felonious larceny were committed by the defendant while he was an habitual felon. The trial court arrested judgment on the felonious possession of stolen property. On 17 January 1996 the defendant was sentenced, on the first degree burglary conviction, to a minimum term of 101 months and a maximum term of 131 months. On 31 January 1996 the defendant was sentenced, on the breaking and entering and larceny convictions, to a minimum term of 94 months and a maximum term of 122 months. The defendant appeals from these judgments.

On 29 March 1995 Benjamin Pryor (Mr. Pryor) lived on the first floor of a house in Greensboro with his wife, Maria Pryor (Mrs. Pryor). At approximately 1:00 a.m. on March 1995 Mrs. Pryor awakened Mr. Pryor and pointed to the window where Mr. Pryor saw "a silhouetted figure with his leg . . . coming in." Mr. Pryor jumped out of bed and pushed back the curtains. He saw the defendant's face about three feet away on their well-lit porch. He then leaped through the window and chased the individual until he saw a police officer who he notified of the intruder.

Officer F.J. Carney of the Greensboro Police Department saw a black male jump out of the yard and sprint across the street. Just seconds later, he saw Mr. Pryor who yelled that the man had just tried to break into his apartment house. Officer Carney caught the defendant and less than five minutes later Mr. Pryor identified the defendant as the man who tried to break into his apartment. No fingerprints were located on the window where Mr. Pryor testified the defendant had attempted to enter.

In addition to the underlying indictments for the burglary, breaking or entering, larceny and possession of stolen goods, the State received habitual felon indictments against the defendant. The first of these was obtained on 15 May 1995 for the burglary and the breaking or entering charges. The second was obtained on 21 August 1995 for the possession of stolen property charge. Other habitual felon indictments were obtained including one on 16 October 1995 which included the larceny, breaking or entering and possession of stolen

**STATE v. LITTLE**

[126 N.C. App. 262 (1997)]

goods charges. This indictment listed the following three previous felonies: (1) a 30 October 1978 conviction for larceny in Guilford County; (2) a 5 June 1981 conviction for assault with intent to rape in Guilford County; and (3) a 14 January 1986 conviction for breaking, entering and larceny in Guilford County. The case was called for trial during the week of 13 November 1995.

The relevant portions of the trial show that the defendant cross-examined Mr. Pryor:

Q. Mr. Pryor, in fact, isn't it true that you had gone out on your porch that evening, because Rodney was out on the street singing, and you had told him to be quiet or to shut up?

. . . .

A. No. I'd never seen him before. My wife had seen him a week earlier, when he came to the house and was acting all weird and asking her if there were apartments for rent. And she felt real strange about it, so she told me about it, and I got real angry-

[defense counsel]: Well, objection.

A. —and told her she shouldn't—

[defense counsel]: —Your Honor, that's—and move to strike. That's not responsive to my question.

The Court: Motion denied.

During the defendant's closing argument the defendant objected (and the trial court overruled the objection) to the following portion of the State's argument:

[L]adies and gentlemen of the jury, [for] close to a half hour now . . . I've been touching this rail all the time. If the police come and dust this rail, they may or may not find my fingerprints because they may be—

Mr. Hayes: Objection, Your Honor. That's not in evidence.

The Court: Overruled.

Mr. Panosh: —may be obscured by other fingerprints. May be the type of surface that doesn't hold fingerprints. But the fact that they don't find fingerprints doesn't mean I wasn't standing there, doesn't mean I didn't touch this rail. That just means that they tried and they didn't find additional evidence.

After the jury returned its convictions, the State moved for a continuance of the sentencing in order to obtain a new habitual felon indictment (based on the breaking or entering and the larceny charges). The continuance was granted (over the objection of the defendant) and on 11 December 1995 a superseding habitual felon indictment was issued charging that the defendant committed the offenses of breaking or entering and larceny while being an habitual felon. The superseding habitual felon indictment listed the following three previous felony convictions: (1) a 5 June 1981 conviction for assault with intent to rape in Guilford County; (2) a 14 January 1986 conviction for breaking, entering and larceny in Guilford County; and (3) a 15 January 1991 conviction for burglary and grand larceny in Horry County, South Carolina. On 31 January 1995 the defendant pled guilty to one habitual felon charge and reserved his right to appeal on this issue.

---

The issues are whether: (I) the defendant properly preserved his objection to the alleged hearsay testimony; (II) the State presented substantial evidence to prove the element of "intent to commit a felony" to convict on the burglary charge; (III) the trial court abused its discretion by overruling the defendant's objection to the prosecutor's closing statement that "fingerprints may [have] been obscured by other fingerprints on the objects allegedly touched by defendant"; and (IV) the trial court erred in adjudicating the defendant an habitual felon on the basis of a superseding habitual felon indictment issued after the defendant was convicted of the underlying felonies.

I

[1] The defendant argues that Mr. Pryor's testimony relating what his wife told him concerning the defendant's visit to their home prior to the breaking and entering is inadmissible hearsay. We do not address this argument. At trial the defendant objected to this testimony on the grounds that it was "not responsive." When a defendant makes a specific objection at trial, the defendant cannot contend that the evidence is objectionable on another basis on appeal. *State v. Sherrill*, 99 N.C. App. 540, 543, 393 S.E.2d 352, 354, *disc. review denied*, 327 N.C. 641, 399 S.E.2d 130 (1990).

II

[2] The defendant argues that the trial court erred by denying his motion to dismiss because the State did not present substantial evidence that the defendant had the requisite *intent* to commit a felony necessary for a burglary conviction. We disagree.

"[T]he law requires the State in a criminal prosecution to present to the jury substantial evidence of each element of the crime charged and of the [defendant's] identity as the perpetrator." *State v. Stallings*, 77 N.C. App. 189, 189, 334 S.E.2d 485, 485 (1985), *disc. rev. denied*, 315 N.C. 596, 341 S.E.2d 36 (1986). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Scott*, 323 N.C. 350, 353, 372 S.E.2d 572, 575 (1988).

"Burglary in the first degree is the breaking and entering in the nighttime of an occupied dwelling . . . with [the] intent to commit a felony therein." *State v. Bell*, 285 N.C. 746, 749, 208 S.E.2d 506, 508 (1974); N.C.G.S. § 14-51 (1993). "The fact of the entry alone, in the nighttime, accompanied by flight when discovered, is some evidence of guilt, and, in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent." *State v. Accor*, 277 N.C. 65, 74, 175 S.E.2d 583, 589 (1970).

In this case, when the defendant was discovered with his foot on the window sill of the Pryors' house at approximately 1:00 a.m. on 29 March 1995, he ran away. This is sufficient evidence of flight which was not accompanied by any "explanatory facts or circumstances" to "warrant a reasonable inference of guilty intent" such that a reasonable mind might accept as adequate to support the conclusion that the defendant had the intent to commit a felony, and thus constitutes substantial evidence of this crime. *Accor*, 277 N.C. at 73, 175 S.E.2d at 589; *Scott*, 323 N.C. at 353, 372 S.E.2d at 575.

III

[3] The defendant argues that the trial court erred in overruling the defendant's objection to a portion of the State's closing argument to the jury. We disagree.

"During a closing argument to the jury an attorney may not . . . make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue." N.C.G.S. § 15A-1230(a) (1988). On closing argument counsel cannot argue facts and inferences which are "not supported by the evidence." *State v. Williams*, 317 N.C. 474, 482, 346 S.E.2d 405, 410 (1986). Counsel is permitted, however, to make reasonable infer-

ences from evidence in the record and to argue what is considered to be "general knowledge." *State v. Reeves*, 337 N.C. 700, 732, 448 S.E.2d 802, 817 (1994), *cert. denied* — U.S. —, 131 L. Ed. 2d 860 (1995). Control over the arguments of counsel is largely within the discretion of the trial judge and his rulings will not be disturbed "in the absence of [a] gross abuse of discretion." *State v. Woods*, 56 N.C. App. 193, 196, 287 S.E.2d 431, 433, *cert. denied*, 305 N.C. 592, 292 S.E.2d 13 (1982). The defendant will be "entitled to a new trial only if the impropriety is shown to be prejudicial." *State v. Paul*, 58 N.C. App. 723, 725, 294 S.E.2d 762, 763, *cert. denied*, 307 N.C. 128, 297 S.E.2d 402 (1982).

In this case the State stated during its closing arguments that the defendant's fingerprints may have been obscured by other fingerprints on the objects allegedly touched by defendant, and the surface "doesn't hold fingerprints." Even assuming that these statements were not appropriate inferences to be drawn from the evidence, the defendant has not proven that the statements made were prejudicial. N.C.G.S. § 15A-1443(a) (1988). Mr. Pryor saw the defendant on a well-lit porch attempting to enter his window and Officer Carney detained the defendant after witnessing him fleeing from the Pryors' house. The defendant has not shown that but for the exclusion of the statements regarding the absence of fingerprints a different result would have occurred at trial and thus we find that any error was harmless. *Paul*, 58 N.C. App. at 725, 294 S.E.2d at 763; N.C.G.S. § 15A-1443(a).

IV

[4] The North Carolina Habitual Felons Act (Act), N.C.G.S. § 14-7.1 to 7.6 (1993), "contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon." *State v. Allen*, 292 N.C. 431, 433, 233 S.E.2d 585, 587 (1977); *see State v. Patton*, 342 N.C. 633, 635, 466 S.E.2d 708, 709 (1996) ("separate habitual felon indictment is not required for each substantive felony indictment"). "The trial for the substantive felony is held first, and only after defendant is convicted of the substantive felony is the habitual felon indictment revealed to and considered by the jury." *State v. Cheek*, 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995). The habitual felon indictment must set forth "the date that prior felony offenses were committed, the name of the state or other sovereign against whom said felony offenses were committed, the dates that pleas of guilty were entered to or convictions returned in said felony offenses, and the identity of the court wherein

said pleas or convictions took place." N.C.G.S. § 14-7.3. The habitual felon indictment must be filed prior to the defendant's pleading in the substantive felony case. *Allen*, 292 N.C. at 435-36, 233 S.E.2d at 588; *State v. Oaks*, 113 N.C. App. 332, 338, 438 S.E.2d 477, 480 (1994). This permits the defendant to enter his plea in the substantive felony case "with full understanding of the consequences" of that plea. *Allen*, 292 N.C. at 436, 233 S.E.2d at 588.

In this case, an habitual felon indictment was filed prior to the time the defendant pled not guilty to the substantive felonies. The State, however, obtained a superseding habitual felon indictment after obtaining convictions on the substantive felonies. One of the three felonies listed in this superseding indictment had not been included in the prior habitual felon indictment and one of the felonies listed in the prior habitual felon indictment had been deleted. In other words, there had been one substitution, with two of the three felonies remaining the same.

The State argues that the procedure utilized by the district attorney, and permitted by the trial court, is not inconsistent with the Act. In support of this argument the State relies primarily on this Court's opinion in *Oaks*, 113 N.C. App. 332, 438 S.E.2d 477. In *Oaks* the defendant was indicted as an habitual felon prior to his plea on the substantive felony. 113 N.C. App. at 334, 438 S.E.2d at 478. After the verdict, however, and before the State presented evidence on the habitual felon indictment, the trial court granted the defendant's motion to quash the indictment on the grounds that it "failed to allege the underlying felony with particularity." *Id.* Prior to sentencing on the substantive felony, the State obtained a new habitual felon indictment correcting the problem that gave rise to the earlier indictment's dismissal. This Court held that no error had been committed in sentencing the defendant as an habitual felon because the "defect in the initial habitual felon indictment was technical," *id.* at 339, 438 S.E.2d at 481, and because the sentencing of the defendant on the substantive felony did not occur until after the filing of the new habitual felon indictment.

In this case, although the sentencing of the defendant was delayed until the State obtained a superseding habitual felon indictment, this indictment did more than make a mere technical change in the initial indictment. It changed the felony convictions relied on by the State to support the charge of habitual felon. This is a substantive change in the indictment as it alters the allegations supporting an ele-

ment of the offense. *See* N.C.G.S. § 15A-924(a)(5) (1988) (indictment must contain "facts supporting every element of a criminal offense"); *State v. Rogers*, 273 N.C. 208, 211, 159 S.E.2d at 527 (1968) ("indictment must set out the charge with such exactness that [defendant] can have a reasonable opportunity to prepare his defense"). Furthermore the defendant is entitled to rely, at the time he enters his plea on the substantive felony, on the allegations contained in the habitual felon indictment in place at that time in evaluating the State's likelihood of success on the habitual felon indictment. Therefore because the defendant did not have notice, prior to his plea on the substantive felonies, that the State was seeking to have him declared an habitual felon on the basis of the three felonies listed in the 11 December 1995 indictment, the trial court erred in adjudicating and sentencing the defendant as an habitual felon (with respect to the breaking or entering and larceny convictions) based on that indictment. Those adjudications and sentences must therefore be vacated and this case remanded for new sentencing.[1] Because the defendant was not adjudicated as an habitual felon with respect to the burglary conviction, there was no error in that sentencing.

Trial on burglary, breaking or entering and larceny: No Error

Burglary sentencing: No Error

Habitual felon plea: Vacated

Breaking or entering and larceny sentencing: Vacated and remanded

Judges WYNN and TIMMONS-GOODSON concur.

---

1. On remand the State is not permitted to seek enhancement of the defendant's sentence on the basis of the habitual felon indictments in place at the time of the defendant's pleas, as those indictments were dismissed as a matter of law when the superseding indictments were issued. N.C.G.S. § 15A-646 (1988); *State v. Carson*, 320 N.C. 328, 333, 357 S.E.2d 662, 666 (1987).