STATE OF NORTH CAROLINA v. DENNIS LEE OAKES

No. 9218SC1096

(Filed 18 January 1994)

1. **Evidence and Witnesses § 1850 (NCI4th)— field test on counterfeit controlled substance—officer's testimony admissible**

     The trial court did not err in admitting testimony by an officer concerning the results of a field test which he conducted on the substance purchased from defendant, since the officer was qualified by training and experience to perform that test.

     **Am Jur 2d, Evidence § 826.**

     **Admissibility of experimental evidence to determine chemical or physical qualities or character of material or substance. 76 ALR2d 354.**

2. **Criminal Law § 1054 (NCI4th)— sentencing hearing—continuance to obtain new habitual felon indictment—no error**

     The trial court did not err in continuing defendant's sentencing hearing after his conviction of sale and delivery of a counterfeit controlled substance in order to allow the State to obtain a new indictment alleging that he was an habitual felon.

     **Am Jur 2d, Criminal Law §§ 527 et seq.**

3. **Criminal Law § 1284 (NCI4th)— habitual felon indictment—judgment not entered on underlying felony—pending prosecution to which habitual felon indictment attaches**

     For the purpose of the habitual felon laws, until judgment was entered upon defendant's conviction of sale and delivery

STATE v. OAKES

[113 N.C. App. 332 (1994)]

of a counterfeit controlled substance, there remained a pending, uncompleted felony prosecution to which a new habitual felon indictment could attach.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

4. **Criminal Law § 1280 (NCI4th)— habitual felon indictment quashed—new habitual felon indictment subsequent to trial on underlying felony—adequate notice to defendant**

There was no merit to defendant's contention that, to allow the State to obtain a new indictment alleging habitual felon status after he had been convicted of the underlying substantive felony but before he had been sentenced, violated the notice provisions of the Habitual Felon Statute, since the defective habitual felon indictment was nevertheless adequate to put defendant on notice that the State was seeking to prosecute defendant on the principal charge as a recidivist.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders § 18.**

5. **Criminal Law § 1283 (NCI4th)— habitual felon indictment quashed—subsequent indictment prior to judgment on underlying felony—no double jeopardy**

Defendant's plea of former jeopardy was properly denied where an habitual felon indictment was quashed before defendant was placed on trial upon the charge that he was an habitual felon, and the subsequent indictment alleging defendant's status as an habitual felon was still part of, and ancillary to, the prosecution of defendant for the underlying felony, for which no judgment had been entered.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

Appeal by defendant from judgment entered 3 June 1992 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 14 September 1993.

On 14 October 1991 defendant was charged in a proper bill of indictment with the felony of sale and delivery of a counterfeit controlled substance. On 12 November 1991 defendant was indicted as an habitual felon. At trial before Judge Freeman and a jury,

the State offered evidence which tended to show that on 9 September 1991 the Greensboro police were conducting an undercover drug operation in Greensboro. Pursuant to this investigation, Officers W. J. Graves and Cindy Stachowski were patrolling southeast Greensboro in plain clothes and an unmarked car when they were approached by defendant and another individual asking "what we [the officers] wanted." Officer Graves asked defendant if he could buy some cocaine and defendant offered the officers a substance he represented to be crack cocaine. Officer Graves gave defendant a twenty dollar bill, the serial number of which had been previously recorded by the officers. After the purchase, the officers left the area and called for assistance in arresting the two men. At the time of defendant's arrest, he had in his possession the twenty dollar bill with the corresponding recorded serial number. Officer Graves conducted a "field test" of the substance defendant sold him and found that it tested negative as being cocaine based.

Defendant did not offer any evidence. On 1 April 1992, the jury found him guilty of the sale and delivery of a counterfeit controlled substance. After the verdict, and before the State presented evidence with respect to the habitual felon indictment, defendant moved to dismiss the indictment on the grounds that the indictment failed to allege the underlying felony with particularity. Judge Freeman granted the motion but deferred sentencing, at the State's request, on the sale and delivery conviction "until such time as the State prays judgment."

On 6 April 1992, the State obtained a new indictment charging defendant with being an habitual felon. Defendant moved to dismiss the new habitual felon indictment on the grounds that it failed to allege a pending, cognizable offense and that his prosecution as an habitual felon was barred by the prohibition against double jeopardy. The motion was denied; defendant pled guilty to being an habitual felon. The State prayed judgment and defendant was sentenced to imprisonment for a term of fifteen years as an habitual felon based on the underlying conviction for sale and delivery of a counterfeit controlled substance. Defendant's motion for appropriate relief on the same grounds as his earlier motion to dismiss was denied by Judge Thomas Ross without hearing. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*Assistant Public Defender Mark E. Hayes for defendant-appellant.*

MARTIN, Judge.

Defendant assigns error to rulings of the trial court admitting and excluding evidence at the trial of the underlying felony of sale and delivery of a counterfeit controlled substance. He also contends that the trial court erred when it continued the sentencing hearing in order that the State might obtain a new habitual felon indictment, and when it denied his motion to dismiss the second habitual felon indictment. We find no prejudicial error.

[1] By his first assignment of error defendant contends that the trial court erred when it admitted testimony by Officer Graves concerning the results of the field test which he conducted on the substance purchased from defendant. At trial, defendant did not specify the grounds for his objection to the testimony; his argument in this Court appears to be that the State did not establish a sufficient foundation for the test and did not offer evidence as to what substance defendant actually sold the officers. We overrule the assignment of error.

Before he was permitted to testify concerning the use of the field test kit, Officer Graves testified that he had previous training and experience in the use of the kit in the field. He placed part of the substance which he purchased from defendant inside the kit and determined that it did not contain the controlled substance cocaine. We conclude that Officer Graves was qualified by training and experience to perform that simple test and it was not error to admit his testimony. *See State v. Crowder*, 285 N.C. 42, 203 S.E.2d 38 (1974); *State v. Essick*, 67 N.C. App. 697, 314 S.E.2d 268 (1984). Since defendant represented that the substance was cocaine, the State was required to prove only that the substance which defendant sold the officers was not cocaine in order to establish a violation of G.S. § 90-95(a). *See* N.C. Gen. Stat. § 90-87(6)(b) (counterfeit controlled substance is any substance intentionally misrepresented as a controlled substance).

In his second assignment of error defendant contends that the trial court erred by excluding evidence during his counsel's

cross-examination of Officer W. T. Fox, one of the officers who arrested defendant. Specifically, defendant directs us to the following exchange:

> Q. And you—Dennis Oakes told you and Officer Williams that he didn't have anything to do with it, didn't he?
>
> A. I don't remember him making any statements.
>
> Q. Well, he told you that you had the wrong man, didn't he?
>
> MR. CARROLL: I object to that.
>
> THE COURT: Well, overruled—Well, no. You're talking about the defendant?
>
> MR. CARROLL: Yes, sir.
>
> THE COURT: Sustained.

Defendant argues that the trial court should have allowed this testimony into evidence as a present sense impression or excited utterance exception to the hearsay rule in accordance with G.S. § 8C-803(1) and (2). However, the record does not reveal what Officer Fox's answer would have been had he been permitted to answer. The burden is on defendant to show prejudicial error, *State v. Little*, 286 N.C. 185, 209 S.E.2d 749 (1974), and by failing to show how the witness would have answered, defendant has failed to show that he was prejudiced by the trial court's ruling. *State v. Kuplen*, 316 N.C. 387, 343 S.E.2d 793 (1986). Moreover, the record does reflect that both Officer Williams and Officer Fox testified at other times in the trial that they did not remember defendant making any statement to them at the time of his arrest. Accordingly, this assignment of error is overruled.

[2] Defendant's third and fourth assignments of error are related. By his third assignment of error, defendant contends that the trial court erred in continuing the sentencing hearing after his conviction of sale and delivery of a counterfeit controlled substance in order to allow the State to obtain a new indictment alleging that he is an habitual felon. G.S. § 15A-1334(a) provides that "[e]ither the defendant or the State may, upon a showing which the judge determines to be good cause, obtain a continuance of the sentencing hearing." Thus, whether to allow a continuance of the sentencing hearing is addressed to the trial court's discretion. *State v. Bush*, 78 N.C. App. 686, 338 S.E.2d 590 (1986); *State v. Blandford*, 66

N.C. App. 348, 311 S.E.2d 338 (1984). " 'A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' " *State v. Lane*, 39 N.C. App. 33, 38, 249 S.E.2d 449, 453 (1978), *quoting State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).

G.S. § 14-7.1 *et seq.*, the Habitual Felons Act ("the Act"), declares that one who has been convicted of three felony offenses is an habitual felon. The Act requires that an indictment charging one as an habitual felon "be separate from the indictment charging him with the principal felony," G.S. § 14-7.3, and requires that the defendant be tried first for the principal felony. N.C. Gen. Stat. § 14-7.5. The habitual felon indictment may not be revealed to the jury until the jury finds that the defendant is guilty of the principal felony with which he is presently charged. *Id.* Because being an habitual felon is a status rather than a crime, the only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he allegedly committed while in that status. *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977). Thus, whether defendant should be sentenced as an habitual felon was relevant to the sentencing proceeding for the offense of sale and delivery of a counterfeit controlled substance. Accordingly, if we conclude, upon consideration of defendant's final assignment of error, that the State could properly obtain a new indictment charging defendant with being an habitual felon, after the original habitual felon indictment had been quashed as defective, there was no abuse of the trial court's discretion in continuing the sentencing proceeding to allow the State an opportunity to do so.

By his final assignment of error, defendant alleges that the trial court erred in failing to dismiss the second habitual felon indictment. He argues first that the indictment was defective because it was not ancillary to a pending cognizable offense, since he had been found guilty of sale and delivery of a counterfeit controlled substance before the State obtained the second habitual felon indictment. Second, he argues that the prohibition against double jeopardy barred his prosecution under the second habitual felon indictment. We are not persuaded by either argument.

**[3]**   We first address defendant's contention that the second indictment was improper because there was no cognizable offense pending against him when the indictment was returned by the grand jury. Our Supreme Court has held that:

> [T]he proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the 'principal,' or substantive, felony. The act does not authorize a proceeding independent from the prosecution of some substantive felony for the sole purpose of establishing a defendant's status as an habitual felon.

*Allen*, 292 N.C. at 433-34, 233 S.E.2d at 587. The importance of indicting defendant as an habitual felon prior to entry of a plea or conviction on the present, substantive crime is so that defendant has notice that he is to be charged as a recidivist before pleading to the substantive felony, thereby eliminating the possibility that he will enter a guilty plea without a full understanding of the possible consequences of conviction. *Id.; State v. Winstead*, 78 N.C. App. 180, 336 S.E.2d 721 (1985).

The Habitual Felons Act contemplates the following procedure generally described in 40 N.Y.U. L. Rev. at 334 and cited with approval by the *Allen* Court:

> Before the trial and in the absence of the jury, both parts of the indictment are read to the defendant, at which time he must plead to the charge of the present crime. If he pleads not guilty to the present offense and proceeds to trial, at the trial there can be no mention to the jury of the prior convictions. If and when the jury returns a verdict of guilty, the second part of the indictment is again read to the defendant, at which time he must plead to the recidivist allegation. If he admits the prior convictions, he is sentenced in accordance with the recidivist statute. If he denies them, he is entitled to a jury trial on the issue of prior convictions.

*Allen*, 292 N.C. at 434, 233 S.E.2d at 587-88. Accordingly, the *Allen* Court held that the Act did not authorize an habitual felon proceeding when the habitual felon indictment was returned after "all the proceedings by which he [defendant] had been found guilty of the underlying substantive felonies had been concluded," because "there was no pending felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding." *Id.* at

432, 436, 233 S.E.2d at 586, 589. However, in *Allen*, the defendant had entered his plea to the underlying felony, had been convicted, and had been *sentenced* before the State obtained the indictment charging habitual felon status. Thus, the underlying felony had been "prosecuted to completion," before the habitual felon indictment was returned, leaving no pending felony prosecution to which the habitual felon charge could attach. In the present case, there had been no entry of judgment or sentence as to the substantive underlying felony, sale and delivery of a counterfeit controlled substance. The sentencing phase of a criminal prosecution constitutes a significant component of the prosecutorial process. Thus, we hold that for the purpose of our habitual felon laws, until judgment was entered upon defendant's conviction of sale and delivery of a counterfeit controlled substance, there remained a pending, uncompleted felony prosecution to which a new habitual felon indictment could attach.

[4] Defendant contends, however, that to allow the State to obtain a new indictment alleging habitual felon status, after he had been convicted of the underlying substantive felony, violates the purpose of the provisions of the Act requiring two indictments, i.e., "to provide notice to defendant that he is being prosecuted *as a recidivist.*" *Allen*, 292 N.C. at 436, 233 S.E.2d at 588. We disagree. At the time defendant entered his plea to the underlying substantive felony and proceeded to trial, there was pending against him an habitual felon indictment presumed valid by virtue of its "return by the grand jury as a true bill." *State v. Mitchell*, 260 N.C. 235, 238, 132 S.E.2d 481, 482 (1963). This indictment sufficiently notified defendant that the State was seeking to prosecute him as a recidivist. It is of no consequence that the trial court subsequently determined that the habitual felon indictment was defective. It is well established that where an indictment is quashed as fatally defective, the defendant is subject to prosecution on a new indictment. *State v. Miller*, 231 N.C. 419, 57 S.E.2d 392 (1950); *State v. Rogers*, 68 N.C. App. 358, 315 S.E.2d 492 (1984), *cert. denied*, 311 N.C. 767, 319 S.E.2d 284, *appeal dismissed*, 469 U.S. 1101, 83 L.Ed.2d 766 (1985). As *Allen* makes clear, the critical issue is whether defendant had notice of the allegation of habitual felon status at the time of his plea to the underlying substantive felony charge. Here, the defect in the initial habitual felon indictment was technical and was not such as to deprive defendant, when entering his plea to

the substantive charge, of notice and understanding that the State was seeking to prosecute him on that charge as a recidivist.

[5] Defendant's second argument under his final assignment of error is that the trial court should have dismissed the second habitual felon indictment because he was protected from prosecution by constitutional prohibitions against being twice put in jeopardy for the same offense. "Jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been impanelled and sworn." *State v. Shuler*, 293 N.C. 34, 42, 235 S.E.2d 226, 231 (1977). A defendant is not subjected to double jeopardy when an insufficient indictment is quashed, and he is subsequently put to trial on a second, sufficient indictment. *State v. Coleman*, 253 N.C. 799, 117 S.E.2d 742 (1961).

G.S. § 14-7.5 provides that after a defendant has been tried and convicted of the underlying substantive felony, the habitual felon indictment may be presented to the same jury. There is no requirement, however, that the same jury hear both issues. In fact, the habitual felon indictment may not be revealed to the jury unless the jury finds defendant guilty of the principal felony. *State v. Keyes*, 56 N.C. App. 75, 286 S.E.2d 861 (1982); *Allen*, *supra*. Although the habitual felon indictment in the present case was joined for trial with the underlying charge of sale and delivery of a counterfeit controlled substance, the indictment was quashed before defendant was placed on trial upon the charge that he was an habitual felon. The subsequent indictment alleging defendant's status as an habitual felon was still part of, and ancillary to, the prosecution of defendant for the underlying felony, for which no judgment had been entered. Accordingly, defendant's plea of former jeopardy was properly denied.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges WELLS and LEWIS concur.