STATE OF NORTH CAROLINA v. PATRICIA DIANE BAKER LANGSTON PRIDDY

No. 933SC744

(Filed 19 July 1994)

**1. Automobiles and Other Vehicles § 818.1 (NCI4th)— habitual impaired driving—substantive felony offense—original exclusive jurisdiction in superior court**

The offense of habitual impaired driving as defined by N.C.G.S. § 20-138.5 constitutes a separate substantive felony offense which is properly within the original exclusive jurisdiction of the superior court.

**Am Jur 2d, Automobiles and Highway Traffic §§ 296-310.**

**2. Constitutional Law § 169 (NCI4th)— midtrial dismissal on jurisdictional grounds—no attachment of double jeopardy**

The midtrial dismissal of the habitual driving while impaired charge on jurisdictional grounds did not amount to an "acquittal" of that offense so as to bar a second trial, since the dismissal was not based upon grounds of factual guilt or innocence.

**Am Jur 2d, Criminal Law §§ 258 et seq.**

Appeal by the State from judgment entered 17 March 1993 by Judge Napoleon B. Barefoot in Craven County Superior Court. Heard in the Court of Appeals 8 March 1994.

On 4 April 1992, defendant Patricia Diane Baker Langston Priddy was arrested and charged with driving while impaired and driving while her license was permanently revoked. On 8 September 1992, the grand jury returned a true bill of indictment charging defendant with habitual impaired driving in violation of G.S. § 20-138.5, based upon an allegation that she drove while impaired on 4 April 1992 after having been convicted of three previous offenses of impaired driving within seven years before 4 April 1992.

The case was initially called for trial in the superior court. Defendant announced her intention to plead guilty to driving while her license was revoked and the matter proceeded on the habitual impaired driving charge. The trial was bifurcated, with the parties presenting evidence on the issue of defendant's impaired driving

STATE v. PRIDDY

[115 N.C. App. 547 (1994)]

before proceeding with evidence as to the allegations of the three previous convictions.

At the close of all of the evidence on the issue of impaired driving, defendant moved to dismiss on the ground that the State had presented insufficient evidence of impaired driving and on the ground that the superior court lacked jurisdiction because the impaired driving charge had not been first tried in the district court. The trial court allowed the motion to dismiss. Although the court did not set out, in the written order of dismissal, the basis for its ruling, the court stated on the record that the motion was granted on jurisdictional grounds because the district court had original exclusive jurisdiction of the impaired driving offense. Defendant pled guilty to driving while her license was revoked and received a probationary sentence. The State appealed from the dismissal of the habitual driving while impaired charge.

*Attorney General Michael F. Easley, by Associate Attorney General Robert T. Hargett, for the State.*

*Sumrell, Sugg, Carmichael & Ashton, P.A., by Rudolph A. Ashton, III, for defendant-appellee.*

MARTIN, Judge.

[1] The primary issue which we must decide is whether the trial court erred in dismissing the charge of felonious habitual impaired driving for lack of jurisdiction. The State contends that the superior court had original jurisdiction to try the underlying issue of driving while impaired as an element of felonious habitual impaired driving because habitual impaired driving constitutes a substantive felony offense. Defendant argues that the habitual impaired driving does not constitute a separate felony offense; rather, it is a mere punishment enhancement statute like G.S. § 14-7.1, the habitual felon statute. Defendant reasons that, because habitual impaired driving is solely a punishment enhancement statute, there is no underlying felony to make original jurisdiction in superior court proper. We agree with the State's position and hold that the offense of habitual impaired driving as defined by G.S. § 20-138.5 constitutes a separate substantive felony offense which is properly within the original exclusive jurisdiction of the superior court.

G.S. § 20-138.5, entitled "Habitual impaired driving," explicitly provides that "[a] person commits the **offense** of habitual impaired driving if . . . ." and contains two elements which the State must prove

beyond a reasonable doubt: (1) that the defendant drives while impaired as defined by G.S. § 20-138.1 and (2) that the defendant has been convicted of three or more offenses involving impaired driving as defined in G.S. § 20-4.01(24a) within seven years of the date of the present offense. The offense is punishable as a Class J felony. N.C. Gen. Stat. § 20-138.5(b) (effective until 1 January 1995). By comparison, the habitual felon statute, which is solely a penalty enhancement statute, states, in relevant part: "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." N.C. Gen. Stat. § 14-7.1. Because G.S. § 14-7.1 simply defines certain persons to be habitual felons, who, as such, are subject to greater punishment for criminal offenses, our Supreme Court has held that being an habitual felon is not a crime and cannot support, standing alone, a criminal sentence. Rather, being an habitual felon is a status justifying an increased punishment for the principal felony. *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977).

By contrast, the legislature chose the specific language to define the crime of habitual impaired driving as a separate felony offense, capable of supporting a criminal sentence. Thus, the legislature must not have intended to make habitual impaired driving solely a punishment enhancement status. As stated in *State v. Hales*, 256 N.C. 27, 30, 122 S.E.2d 768, 770 (1961):

> The Legislature, unless it is limited by constitutional provisions imposed by the State and Federal Constitutions, has the inherent power to define and punish any act as a crime, because it is indisputedly [sic] a part of the police power of the State. The expediency of making any such enactment is a matter of which the Legislature is the proper judge.

It is for the legislature to define a crime and prescribe its punishment, not the courts or the district attorney. *State v. Small*, 301 N.C. 407, 417, 272 S.E.2d 128, 135 (1980); *see* N.C. Const. Art. I, § 6.

> [W]hile a criminal statute must be strictly construed, the courts must nevertheless construe it with regard to the evil which it is intended to suppress. The intent of the legislature controls the interpretation of a statute. When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.

*In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978). (Citations omitted.)

We conclude that the legislature clearly intended felonious habitual impaired driving to constitute a separate felony offense. Exclusive original jurisdiction of all felony offenses is in superior court. N.C. Gen. Stat. § 7A-271. Consequently, the trial court erred by dismissing the charge of habitual impaired driving for lack of jurisdiction.

[2] Our inquiry cannot end here, however. Defendant asserts that even if the superior court erred by dismissing the charge of habitual impaired driving for lack of jurisdiction, her prosecution for that offense is barred because another trial would violate the constitutional prohibition against former jeopardy. While the State contends that double jeopardy is an issue for the superior court on remand, G.S. § 15A-1445(a) clearly provides that the State may appeal the dismissal of criminal charges only when further prosecution would not be barred by the rule against double jeopardy. Thus, the State's appeal is subject to dismissal if further prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution or the "law of the land" clause of Article I, § 19 of the North Carolina Constitution.

Had defendant been granted a dismissal of the charge on jurisdictional grounds prior to trial, she clearly could have been tried for the offense upon the State's successful appeal of the order of dismissal. *See State v. Oakes*, 113 N.C. App. 332, 438 S.E.2d 477 (1994). However, defendant correctly argues that jeopardy has attached in this case because the jury was empaneled, sworn and heard evidence with respect to her impaired driving. Jeopardy attaches in a criminal case when a competent jury has been empaneled and sworn. *State v. Chavis*, 24 N.C. App. 148, 210 S.E.2d 555 (1974), *cert. denied and appeal dismissed*, 287 N.C. 261, 214 S.E.2d 434 (1975), *cert. denied*, 423 U.S. 1080, 47 L.Ed.2d 91 (1976). However, in a case like this where a dismissal of charges occurs prior to the verdict, the attachment of jeopardy only begins the inquiry as to whether the prohibition against double jeopardy bars retrial.

It is well established that "[t]he Double Jeopardy Clause of the North Carolina and United States Constitutions protect against (1) a second prosecution after acquittal for the same offense, (2) a second prosecution after conviction for the same offense, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444,

340 S.E.2d 701 (1986); *State v. Strohauer*, 84 N.C. App. 68, 72, 351 S.E.2d 823, 826 (1987), *citing North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656 (1969). The question before us involves the first category, i.e., whether the midtrial dismissal of the habitual driving while impaired charge on jurisdictional grounds amounts to an "acquittal" of that offense so as to bar a second trial. In our opinion, it does not because the dismissal was not based upon grounds of factual guilt or innocence.

In *United States v. Scott*, 437 U.S. 82, 57 L.E.2d 65 (1978), the trial court, after jeopardy had attached and before the jury had returned a verdict, dismissed charges pursuant to defendant's motion upon grounds which were not based upon the legal insufficiency of the prosecution's evidence to sustain a conviction. The Supreme Court held that the prosecution's appeal of the dismissal was not barred by the provisions of 18 U.S.C. § 3731, which contains provisions restricting the government's right to appeal similar to the provisions of our own G.S. § 15A-1445(a) with respect to the right of the State to appeal.

> [T]he defendant by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant . . . . No interest protected by the Double Jeopardy Clause is invaded when the Government is allowed to appeal and seek reversal of such a midtrial termination of the proceedings in a manner favorable to the defendant.

*Id.* at 99-100, 57 L.Ed.2d at 79-80.

The dismissal of the habitual driving while impaired charge in the present case was not the equivalent of an acquittal. The dismissal, upon defendant's motion, was based solely upon the trial court's ruling that it had no jurisdiction and was entirely unrelated to the sufficiency of evidence as to any element of the offense or to defendant's guilt or innocence. Since there was no acquittal or conviction in this case a retrial would not offend the constitutional protections afforded by the prohibitions against double jeopardy, and neither the State's appeal nor a retrial of the charge against defendant are barred.

Reversed and Remanded.

Judges EAGLES and McCRODDEN concur.