STATE OF NORTH CAROLINA v. JAN BRUNSON

No. COA95-166

(Filed 7 November 1995)

**1. Criminal Law § 686 (NCI4th)— failure to hold recorded charge conference—no showing of material prejudice**

When the court fails to hold a recorded charge conference and does not correct such failure prior to the end of the trial,

defendant must show how he was materially prejudiced, and defendant in this case failed to make such showing. N.C.G.S. § 15A-1231(b)

**Am Jur 2d, Criminal Law § 916.**

**Right of accused to be present at suppression hearing or at other hearing or conference between court and attorneys concerning evidentiary questions. 23 ALR4th 955.**

**2. Criminal Law § 395 (NCI4th)— preliminary jury instruction—subsequent correction—no error**

There was no merit to defendant's contention that the trial court's preliminary instructions did not comply with N.C.G.S. § 15A-1213 because the trial court erred as to the number of felonies required for habitual felon status, since the preliminary instruction satisfied the requirement of briefly informing the jury of the charges pending against defendant, and the trial court corrected its misstatement of habitual felon law during final instructions to the jury.

**Am Jur 2d, Trial §§ 1077, 1120, 1121.**

**3. Criminal Law § 723 (NCI4th)— preliminary jury instructions—no expression of opinion**

The trial court did not improperly express an opinion to the jury during the preliminary instructions in the habitual felon phase of the trial by its comment that "you have now convicted this defendant on these three cases" where the court was attempting to explain to the jury that in determining whether the defendant was a habitual felon, it would employ the same procedure that it had in the trial on the principal charges, and the court's remark was one of fact and not one of opinion.

**Am Jur 2d, Trial §§ 272, 276, 277.**

**4. Criminal Law § 1288 (NCI4th)— habitual felon jury—no right to impanel new jury**

Defendant's motion to continue the habitual felon phase of his trial in order to impanel a new jury was properly denied. N.C.G.S. § 14-7.5.

**Am Jur 2d, Criminal Law §§ 600, 893.**

**5. Criminal Law § 118 (NCI4th)— no formal arraignment on habitual felon charge—no reversible error**

Failure of the trial court to formally arraign defendant on a habitual felon charge did not amount to reversible error where defendant had filed a waiver of arraignment, and defendant at no time claimed or implied that he was unaware of the habitual felon charge against him.

**Am Jur 2d, Criminal Law §§ 433 et seq.**

Appeal by Defendant from judgment entered 6 October 1994 by Judge Henry L. Stevens, III in Sampson County Superior Court. Heard in the Court of Appeals 23 October 1995.

Defendant was charged by bill of indictment on 6 September 1994 of the following offenses: breaking and entering a motor vehicle, larceny, and possession of stolen property. All offenses were felonies and by separate bill of indictment, defendant was charged with being a habitual felon. This indictment recited that defendant had previously been convicted of the following felony offenses: 5 October 1977, assault with a deadly weapon; 5 October 1983, larceny of a firearm; 23 April 1985, possession of a firearm by a felon; and 4 April 1989, sale and delivery of marijuana. Defendant waived arraignment in both charges on 8 September 1994.

Defendant was arraigned 4 October 1994 on the principal charges and entered a plea of not guilty. On the same date defendant and his counsel executed a written waiver of arraignment with regard to the habitual felon charge and a plea of not guilty was entered. Defendant was tried and convicted on all charges on 6 October 1994 and was sentenced to life in prison. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Sueanna P. Sumpter, for the State.*

*John R. Parker for defendant appellant.*

ARNOLD Chief, Judge.

I.

**[1]** Defendant first assigns error to the court's refusal to conduct a recorded charge conference. We disagree; the court's refusal to conduct a recorded charge conference did not amount to reversible error.

N.C. Gen. Stat. § 15A-1231(b) (1988) provides:

> Before the arguments to the jury, the judge must hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure, not corrected prior to the end of the trial, materially prejudiced the case of the defendant. (Emphasis added).

When the court fails to hold a recorded charge conference and does not correct such failure prior to the end of the trial, the defendant must show how he was materially prejudiced. *State v. Pittman*, 332 N.C. 244,253, 420 S.E.2d 437, 441 (1992).

Upon the conclusion of the evidence, the trial court held an informal charge conference in the absence of the jury and off of the record. Counsel for the defendant and for the State were both present. Both agreed in substance to the court's proposed charge, and to the possible jury verdicts to be submitted. The court stated these matters for the record. Both counsel, when asked, indicated that the court's statements were correct. Thereafter, counsel for the defendant requested that the court specify on the record the specific proposed instructions to be given to the jury. The court refused. The court summarized the conference as follows:

> Let the record show that at the close of the evidence the Court conducted a conference on jury instructions in chambers in the absence of the jury for the purpose of discussing the proposed instructions to be given to the jury. Present were Mr. Greg Butler, [A]ssistant [D]istrict [A]ttorney representing the [S]tate of North Carolina and Mr. John Parker Attorney representing the defendant. That opportunity was given to counsel for the [S]tate and the defendant to request additional instructions or to object to any instructions proposed by the Court. Thereafter, all counsel agreed in substance to the charge to be given and to the possible jury verdicts to be submitted.

STATE v. BRUNSON

[120 N.C. App. 571 (1995)]

First, while defendant's request for the court to specify on the record what instructions were to be given to the jury was refused, defendant was also granted at the conclusion of the actual charge the opportunity to object and to request additional instructions. Defendant at that time requested a bench conference, and advised the court that it had erred at some point during the instruction, but made no other substantive objections to the charge as given. Defendant was given the opportunity to state, for the record, any *further* objections, disagreements or dissatisfactions he had with the court's summations. None were raised, and defendant has not shown how he was materially prejudiced by the failure of the trial court to record the charge conference.

II.

Defendant's second assignment of error relates to the trial court's preliminary remarks to the jury during the habitual felon phase of the trial. First, he argues that the trial court's preliminary instructions did not comply with N.C. Gen. Stat. § 15A-1213 (1988). Secondly, he argues that the trial judge improperly expressed his opinion to the jury during the preliminary instructions. We reject both arguments.

[2] As to defendant's first argument, G.S. § 15A-1213 provides:

Prior to selection of jurors, the judge must identify the parties and their counsel and briefly inform the prospective jurors, as to each defendant, of the charge, the date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and any affirmative defense of which the defendant has given pretrial notice as required by Article 52, Motions Practice. The judge may not read the pleadings to the jury.

This Court held in *State v. Styles* that G.S. § 15A-1213 does not require the judge to inform the jury of the elements of each crime at this stage of the trial. *State v. Styles*, 93 N.C. App. 596, 608, 379 S.E.2d 255, 263 (1989). Such instruction is required during the final jury instructions. *Id.* (citing R. Price, *North Carolina Criminal Trial Practice* Sec. 24-1, p. 504 (1985)). G.S. § 15A-1213 only requires the jury to be informed of the charges pending against the defendant, not the elements thereof. *Id.* at 608, 379 S.E.2d at 263. Moreover, "the purpose of G.S. 15A-1213 is to 'orient the prospective jurors as to the case' in such a way as to avoid giving jurors a 'distorted view of the case' through use of the 'stilted language of indictments and other pleadings.' "

*State v. Long*, 58 N.C. App. 467, 471, 294 S.E.2d 4, 8 (1982) (citing Official Commentary to N.C. Gen. Stat. § 1213)).

Upon receiving verdicts in the principal cases, the trial court's preliminary remarks to the jury were as follows:

> Now ladies and gentlemen, I'm going to ask you at this time and tell you that the defendant has also been accused as being a habitual felon. [sic] Habitual felon, ladies and gentlemen, is an individual who has been convicted or has pled guilty to five felony offenses of at least three separate occasions since July the 5th of 1976. Each of these crimes must have been committed after the plea of guilty or conviction to one before, before the one. (Emphasis added).

The trial court did initially, and incorrectly, instruct the jury that an habitual felon is one who has pled guilty to or been convicted of *five* felonies. An habitual felon, as defined by N.C. Gen. Stat. § 14-7.1 (1993), is "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." Defendant argues that the preliminary instructions do not comply with G.S. § 15A-1213 because the trial court erred as to the number of felonies required for habitual felon status. However, during final instructions to the jury the trial court corrected the misstatement. Upon the return of the jury the court made the following remarks:

> Now Mr. Foreman and ladies and gentlemen, as I told you, you will now determine whether or not the defendant is guilty or not guilty under the habitual felon statute and I told you briefly what habitual felon was and I'll tell you again so that you will know. A habitual felon is an individual who has been convicted or has pled guilty to felony offenses on at least *three* separate occasions since July the 5th of 1967. Each of the crimes must have been committed after the plea of guilty or conviction to the one before it. (Emphasis added).

The trial court's preliminary remarks to the jury satisfied the requirements of briefly informing the jury of the charges pending against the defendant. Moreover, the trial court corrected its misstatement of habitual felon law during final instructions to the jury. No reversible error was committed by the trial court.

[3] Next, defendant argues that the trial judge improperly expressed his opinion to the jury during the preliminary instructions. N.C. Gen.

**STATE v. BRUNSON**

[120 N.C. App. 571 (1995)]

Stat § 15A-1222 (1988) provides: "The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Further, "A remark by the court is not grounds for a new trial if, when considered in the light of the circumstances under which it was made, it could not have prejudiced defendant's case." *State v. King*, 311 N.C. 603, 618, 320 S.E.2d 1, 11 (1984) (citing *State v. Green*, 268 N.C. 690, 693-694, 151 S.E.2d 606, 609 (1966)).

The trial court's final remarks to the jury during the habitual felon phase of the trial were as follows:

> Now this is just the same procedure gone over again so far, the format here that we used and you used in the trial of these cases from which the, *you have now convicted this defendant on these three cases*. The same basic procedure is in place. The same district attorney. Your same lawyer with the same defendant over here. That the defendant has entered a plea of not guilty to this charge of being a habitual offender. (Emphasis added).

Defendant argues that the court's comment "you have now convicted this defendant on these three cases," is an expression of opinion by the court which is prohibited by G.S. § 15A-1222. We find that the court's comment did not amount to an expression of opinion. The context of the court's comment reveals that the court was attempting to explain to the jury that in determining whether the defendant was an habitual felon it would employ the same procedure that it had in the trial on the principal charges. Further, the court's remark was one of fact and not one of opinion. The jury had in fact just convicted the defendant of three offenses. The statement was not one of opinion and it did not prejudice the defendant's case.

### III.

[4] Defendant next assigns error to the denial of his motion to continue the habitual felon phase of the trial in order to impanel a new jury. We disagree. N.C. Gen. Stat. § 14-7.5 (1993) provides in relevant part: "If the jury finds the defendant guilty of a felony, the bill of indictment charging the defendant as an habitual felon may be presented to *the same jury*," (emphasis added). Moreover, the N.C. Supreme Court held that when, as contemplated by G.S. § 14-7.5, the same jury considers both the principal felony and the question of defendant's recidivism, it is not necessary to re-impanel a jury once that jury has been properly impaneled pursuant to N.C. Gen. Stat.

§ 15A-1216 (1988). *State v. Todd*, 313 N.C. 110, 120, 326 S.E.2d 249, 255 (1985). Defendant presents no evidence to show that the jury was improperly impaneled. Thus, defendant's motion to continue in order to re-impanel the jury was properly denied.

[5] Defendant's final assignment of error is the court's denial of his motion to conduct a formal arraignment on the charge of being an habitual felon. We disagree. The failure to conduct a formal arraignment itself is not reversible error. *State v. Smith*, 300 N.C. 71, 265 S.E.2d 164 (1980). The purpose of an arraignment is to allow a defendant to enter a plea and have the charges read or summarized to him and the failure to do so is not prejudicial error unless defendant objects and states that he is not properly informed of the charges. *State v. Small*, 301 N.C. 407, 272 S.E.2d 128 (1980).

This matter came on for trial on 4 October 1994. At the previous term of court, 8 September 1994, the defendant filed a waiver of arraignment to the underlying charge of breaking or entering a motor vehicle, and to the ancillary charge of being an habitual felon. At no time did defendant claim or imply that he was unaware of the habitual felon charge against him. Defendant had notice of the habitual felon charge against him and failure of the court to formally arraign defendant did not amount to reversible error.

No error.

Judges EAGLES and MARTIN, John C., concur.