**STATE v. MARSHBURN**

[173 N.C. App. 749 (2005)]

STATE OF NORTH CAROLINA v. DAVID WYCLIFFE MARSHBURN

No. COA04-1491

(Filed 18 October 2005)

**Sentencing— dismissal of habitual felon indictment—double jeopardy**

The trial court erred by dismissing a habitual felon indictment, defendant's motion to dismiss the State's appeal is dismissed, and the case is remanded for habitual felon proceedings, because: (1) defendant is not subjected to a second prosecution for the substantive offense when the trial court erroneously determined that N.C.G.S. § 15A-928(c) required the habitual felon indictment to be dismissed due to its belief that defendant had not been properly arraigned regarding the habitual felon charge; (2) the failure to conduct a formal arraignment itself is not reversible error and the failure to arraign is not prejudicial error unless defendant objects and states that he is not properly informed of the charges; (3) the colloquy between defense counsel, the prosecutor, and the trial court after the verdict was rendered indicated that defendant was aware of the allegations of his habitual felon status; (4) there were no flaws in the habitual felon indictment; (5) when a charge is dismissed based solely on a ruling by the trial court on a matter entirely unrelated to the sufficiency of evidence as to any element of the offense or to defendant's guilt or innocence, the State is not barred from appealing; and (6) our legislature has authorized appeal by the State under N.C.G.S. § 15A-1445.

Appeal by the State from judgment entered 25 May 2004 by Judge Franklin F. Lanier in Sampson County Superior Court. Heard in the Court of Appeals 22 August 2005.

*Roy A. Cooper, III, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellee.*

MARTIN, Chief Judge.

On 5 January 2004 defendant was indicted for possession of cocaine and being an habitual felon. Defendant waived arraignment

and entered a plea of not guilty on 13 January 2004. At trial the State presented evidence tending to show that on 8 November 2003 defendant was stopped by Officer Dan Worley of the Clinton Police Department because Officer Worley was aware of an outstanding warrant for defendant's arrest. Officer Worley contacted Officer Adam Beushing to serve the warrant. Upon Officer Beushing's arrival at the scene, he conducted a search of defendant and discovered, within defendant's wallet, a small plastic bag with a substance later determined to be cocaine. The officers also searched defendant's vehicle and his passenger, Paul Hicks, but found no other controlled substances.

Defendant testified that he was a confidential police informant gathering information about Hicks at the request of the police. He stated that he had accompanied Hicks to purchase cocaine and marijuana and that Hicks had scraped some of the cocaine into a plastic bag so that later someone could "make sure it [was] real stuff." Defendant testified that Hicks had placed this bag into defendant's wallet without defendant's knowledge and asserted that Hicks must have hidden the other drugs on his person when they were stopped by Officer Worley.

The jury found defendant guilty of possession of a controlled substance. After the verdict and outside the presence of the jury, the trial court heard arguments regarding the habitual felon indictment, which referenced an incorrect statute number. The trial court ruled that this was not a fatal defect, since the body of the indictment alleged the proper elements, and further determined there was no evidence defendant was prejudiced or relied on the improper statute number. Then, applying N.C. Gen. Stat. § 15A-928 (2003), the trial court dismissed, on its own motion, the habitual felon indictment because defendant had not been arraigned upon the habitual felon indictment. The statute provides, in pertinent part:

(a) When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment or information for the higher offense may not allege the previous conviction. If a reference to a previous conviction is contained in the statutory name or title of the offense, the name or title may not be used in the indictment or information, but an improvised name or title must be used which labels and distinguishes the offense without reference to a previous conviction.

(b) An indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count. Except as provided in subsection (c) below, the State may not refer to the special indictment or information during the trial nor adduce any evidence concerning the previous conviction alleged therein.

(c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent.

N.C. Gen. Stat. § 15A-928. Defendant was sentenced to eight to ten months for possession of cocaine on 25 May 2004. The State entered its notice of appeal on 1 June 2004.

On appeal, the State argues the trial court committed reversible error by dismissing the habitual felon indictment because N.C. Gen. Stat. § 15A-928(c) does not apply to habitual felon indictments. We agree.

Habitual felon indictments are governed by N.C. Gen. Stat. § 14-7.3 (2003), and are addressed in a separate proceeding following a defendant's conviction for the substantive felony. *State v. Cheek*, 339 N.C. 725, 729, 453 S.E.2d 862, 864 (1995) (noting that "only after defendant is convicted of the substantive felony is the habitual felon indictment revealed to and considered by the jury"). In contrast, N.C. Gen. Stat. § 15A-928 explicates the requirements for special indictments for habitual offenses. *State v. Burch*, 160 N.C. App. 394, 396, 585 S.E.2d 461, 462 (2003) (explaining that "[t]he criminal law of this State contains two distinct types of 'habitual' classifications": habitual felon, which is a "status" not a substantive offense, and habitual offenses, such as habitual misdemeanor, which are substantive); *State v. Sullivan*, 111 N.C. App. 441, 444, 432 S.E.2d 376, 378 (1993) (holding that "a special indictment alleging that the defendant is an habitual felon cannot serve as a substitute for the special indictment required" by N.C. Gen. Stat. § 15A-928); *State v. Allen*, 292 N.C. 431, 434, 233 S.E.2d 585, 587 (1977) (noting that N.C. Gen. Stat. § 15A-928 is a similar statutory procedure to an habitual felon proceeding).

Defendant has moved to dismiss the State's appeal, arguing that reversal of the trial court's ruling would subject him to double jeopardy because an "habitual felon indictment cannot be the sole charge on which the State proceeds at trial," since it is not a substantive offense. *State v. Blakney*, 156 N.C. App. 671, 674, 577 S.E.2d 387, 390, *disc. review denied*, 357 N.C. 252, 582 S.E.2d 611 (2003). Defendant contends the trial court's dismissal of the habitual felon indictment, after the jury had rendered its verdict on the underlying substantive felony but prior to the beginnings of the habitual felon hearing, subjects him to double jeopardy because judgment was entered on the underlying substantive felony, and he has served that sentence.

Defendant correctly argues that the State is permitted to "appeal the dismissal of criminal charges only when further prosecution would not be barred by the rule against double jeopardy." *State v. Priddy*, 115 N.C. App. 547, 550, 445 S.E.2d 610, 613, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994). Jeopardy does not attach, however, until "a competent jury has been empaneled and sworn." *Id.* at 550, 445 S.E.2d at 613. When a charge is dismissed based solely on a ruling by the trial court on a matter "entirely unrelated to the sufficiency of evidence as to any element of the offense or to defendant's guilt or innocence," the State is not barred from appealing. *Id.* at 551, 445 S.E.2d at 613.

Furthermore, our Legislature has authorized appeal by the State under N.C. Gen. Stat. § 15A-1445 (2003); therefore, the defendant cannot expect finality when sentenced. *See United States v. DiFrancesco*, 449 U.S. 117, 139, 66 L. Ed. 2d 328, 347 (1980). A sentence is not an implied acquittal of any greater sentence. *Monge v. California*, 524 U.S. 721, 729, 141 L. Ed. 2d 615, 624 (1998). Double jeopardy protections historically do not apply to sentencing proceedings because they are not offenses; instead, "[a]n enhanced sentence imposed on a persistent offender" is not a "new jeopardy," but rather "a stiffened penalty for the latest crime." *Id.* at 728, 141 L. Ed. 2d at 624 (internal citations omitted).

Accordingly, we deny defendant's motion to dismiss the State's appeal. Defendant is not subjected to a second prosecution for the substantive offense, rather the trial court erroneously determined that N.C. Gen. Stat. § 15A-928 required the habitual felon indictment be dismissed due to its belief that defendant had not been properly arraigned regarding the habitual felon charge. "The failure to conduct a formal arraignment itself is not reversible error . . . and the failure

to [arraign] is not prejudicial error unless defendant objects and states that he is not properly informed of the charges." *State v. Brunson*, 120 N.C. App. 571, 578, 463 S.E.2d 417, 421 (1995), *cert. denied*, 346 N.C. 181, 486 S.E.2d 211 (1997) (internal citation omitted). The "notice of the allegation of habitual felon status" is the critical issue. *State v. Oakes*, 113 N.C. App. 332, 339, 438 S.E.2d 477, 481, *disc. review denied*, 336 N.C. 76, 445 S.E.2d 43-44 (1994).

The colloquy between defense counsel, the prosecutor and the trial court after the verdict was rendered indicates that defendant was aware of the allegations of his habitual felon status. Because there were no flaws in the habitual felon indictment, the defendant's status as an habitual felon could have been considered by the jury. It may also be considered by a separate jury on remand. *See Oakes*, 113 N.C. App. at 340, 438 S.E.2d at 481 ("There is no requirement, however, that the same jury hear both issues"). Since the trial court erred in dismissing the habitual felon indictment, we remand for habitual felon proceedings.

Remanded.

Judges BRYANT and GEER concur.