An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-422

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

    v.

BRIAN MANUEL JOLLIFF

Wake County
No. 13 CRS 212414

Appeal by defendant from judgment entered 31 October 2013 by Judge R. Allen Baddour in Wake County Superior Court. Heard in the Court of Appeals 25 August 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins, for the State.*
>
> *Russell J. Hollers, III, for defendant-appellant.*

CALABRIA, Judge.

Brian Manuel Jolliff ("defendant") appeals from a judgment entered upon defendant's plea of guilty to the offenses of habitual driving while impaired ("DWI") and driving while license revoked ("DWLR"). We dismiss the appeal.

At approximately 2:00 a.m. on 26 May 2013, Officer James Boyd ("Officer Boyd") of the Raleigh Police Department ("RPD") initiated a traffic stop of a vehicle that was registered to a

woman whose driver's license was expired. As he approached the vehicle, Officer Boyd smelled a "moderate" odor of alcohol. Defendant was seated in the driver's seat, and Officer Boyd noted that defendant's eyes were bloodshot and glassy. As a result, he began an investigation for a possible DWI offense.

Officer Boyd asked defendant for identification. Defendant informed the officer that he did not have a driver's license with him, but that his name was "Brandon Banks[.]" Defendant's speech was slurred. Officer Boyd ordered defendant out of the car and frisked him. Defendant then consented to a search of the car. During the search, Officer Boyd discovered a bank card with defendant's name in the driver's side door pocket. Officer Boyd searched the name on the bank card in the Department of Motor Vehicle's database, which produced a photograph of defendant. Defendant failed to perform a series of field sobriety tests, and Officer Boyd formed the opinion defendant was appreciably impaired and placed him in custody.

Defendant was transported to the Wake County Public Safety Center ("WCPSC") where Officer Gregory Modetz ("Officer Modetz"), a licensed chemical analyst for RPD, asked him for a breath sample. Upon defendant's refusal, Officer Modetz obtained a search warrant permitting him to take a sample of

defendant's blood. Officer Modetz prepared the blood draw kit and observed a registered nurse from the WCPSC obtain two vials of defendant's blood. Officer Modetz labeled both vials, and placed an "integrity seal" and a white seal over the samples. He then put the sealed vials back into the blood draw kit, which was sealed in another plastic bag. Officer Modetz then transported the sealed package to the RPD's downtown office, where he placed the sealed package in a refrigerated evidence locker. The sealed package was subsequently moved by an unknown individual from the refrigerated evidence locker to a larger refrigerator located one floor down from the evidence locker.

On 5 June 2013, RPD Evidence Specialist Curtis King ("King") removed defendant's sealed evidence from the large refrigerator and transported it to the Raleigh/Wake City-County Bureau of Identification ("CCBI") for analysis. A CCBI evidence technician assigned a CCBI number to defendant's sealed blood tubes, which were then locked in an individual compartment of a CCBI refrigerator. CCBI forensic chemist Irvin Alcox ("Alcox") later removed defendant's blood vials from the locked refrigerator compartment and tested the blood for alcohol concentration. The test results reflected an alcohol

concentration of .21 grams of alcohol per 100 milliliters of blood.

Defendant was indicted for felony DWI, habitual DWI, and DWLR. Beginning 29 October 2013, defendant was tried by a jury in Wake County Superior Court. On 30 October 2013, defendant pled guilty to the offenses of habitual DWI and DWLR. Trial continued for the remaining DWI charge. Alcox testified at trial, over defendant's objection, regarding the results of defendant's blood test. Later that afternoon, the jury returned a verdict finding defendant guilty of DWI. The trial court arrested judgment on the DWI offense. The court then consolidated the remaining offenses and sentenced defendant to a minimum of fifteen months to a maximum of twenty-seven months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred by allowing the results of his blood test into evidence over defendant's objection. Specifically, defendant contends that there was a break in the chain of custody when the test tubes were moved from the refrigerated evidence locker to the larger refrigerator which rendered the blood test results inadmissible. Since defendant's argument is not authorized by

N.C. Gen. Stat. § 15-1444 (2013) as an appropriate ground for appeal after a guilty plea, we dismiss this argument.

"In North Carolina, a defendant's right to pursue an appeal from a criminal conviction is a creation of state statute." *State v. McBride*, 120 N.C. App. 623, 624, 463 S.E.2d 403, 404 (1995), *aff'd per curiam*, 344 N.C. 623, 476 S.E.2d 106 (1996). Pursuant to N.C. Gen. Stat. § 15A-1444, "a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea." *State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870 (2002).

In the instant case, the judgment entered against defendant was based upon the offenses of habitual DWI and DWLR. Defendant pled guilty to both of these offenses. The trial court arrested judgment on the DWI conviction, which was the only offense that was decided by a jury verdict, which would have permitted a broader right of appeal. Since defendant appeals from a judgment entered only upon guilty pleas and does not argue any of the grounds permitted by N.C. Gen. Stat. § 15A-1444, we are compelled to dismiss this appeal.

We briefly note that it appears that counsel and the trial court below were acting under a misapprehension of law when defendant entered his guilty plea to habitual DWI. The transcript of plea and the plea colloquy both refer to defendant "admitting" the "status of an habitual offender" and seem to indicate that the trial court and counsel believed that defendant's plea would merely enhance his potential conviction for the DWI offense. However, it is well established that "the offense of habitual impaired driving as defined by G.S. § 20-138.5 constitutes a separate substantive felony offense which is properly within the original exclusive jurisdiction of the superior court." *State v. Priddy*, 115 N.C. App. 547, 548, 445 S.E.2d 610, 612 (1994). Nonetheless, the type of effect, if any, this misapprehension of law had on the validity of defendant's plea is not properly before us. Defendant's appeal is dismissed.

Dismissed.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).